**Terry Don WILKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–09–00025–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 3, 2011.

Discretionary Review Refused
Oct. 12, 2011.

Danny K. Easterling, Houston, TX, for Appellants.

Michael C. Young, Conroe, TX, for Appellee.

## OPINION

TRACY CHRISTOPHER, Justice.

William and Louise Lewis were shot to death in their New Caney home in January 2006. Appellant Terry Don Wilkerson was indicted on two counts of capital murder in connection with the killings. A jury convicted him on both counts. Because the State did not seek the death penalty, punishment was assessed at a mandatory term of life imprisonment without the possibility of parole. *See* Tex. Penal Code Ann. § 12.31 (West 2010).

Appellant raises five issues on appeal. In his first issue, he requests that we abate this appeal for findings of fact and conclusions of law. In issues two and three, appellant contends his punishment is cruel and unusual in violation of the United States and Texas Constitutions. In his fourth issue, he contends the mandatory sentencing scheme violates the separation of powers doctrine embodied in the Texas Constitution. In his fifth issue, he contends the trial court erroneously explained the concept of proof beyond a reasonable doubt.

Because the trial court submitted its findings of fact and conclusions of law during the pendency of this appeal, we dispose of appellant's first issue as moot. Finding no error in the remaining issues, we affirm.

## CRUEL AND UNUSUAL PUNISHMENT

■ In his second and third issues, appellant argues that his mandatory sentence is unconstitutional because the sentencing scheme provided no vehicle for the consideration of mitigating evidence. Appellant asserts this argument under the Eighth Amendment to the United States Constitution, as well as article 1, section 13 of the Texas Constitution.

Appellant failed to preserve error below. Before a party may present a complaint for appellate review, the record must normally show that the complaint was made to the trial court by a timely request, objection, or motion. Tex.R.App. P. 33.1. Appellant never objected at trial that the sentencing statute violated either the United States or Texas Constitutions. Because no specific and timely objection was made, appellant has waived these issues by raising them for the first time on appeal. *See Curry v. State,* 910 S.W.2d 490, 496 (Tex. Crim.App.1995); *Battle v. State,* 348 S.W.3d 29, 30–31, 2011 WL 781935 (Tex. App.-Houston [14th Dist.] 2011, no pet.).

Appellant argues that an objection was not necessary to preserve his complaint because his claim rests on the Supreme Court's decision in *Graham v. Florida,* —— U.S. ——, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), an Eighth Amendment case that did not issue until after his sentencing. Even if we were to assume that *Graham* allows appellant to assert his Eighth Amendment claim for the first time on appeal, we would still find that his sentence was neither cruel nor unusual.

■ The Eighth Amendment encompasses an individualized sentencing doctrine that precludes mandatory sentencing in cases where the death penalty is sought. *See Sumner v. Shuman,* 483 U.S. 66, 73–76, 107 S.Ct. 2716, 97 L.Ed.2d 56 (1987); *Woodson v. North Carolina,* 428 U.S. 280, 305, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) (plurality opinion). In such cases, the defendant must have an opportunity to produce mitigating evidence showing that death is not appropriate in light "of the character and record of the individual offender and the circumstances of the particular offense." *Woodson,* 428 U.S. at 304, 96 S.Ct. 2978; *see Burns v. State,* 761 S.W.2d 353, 357–58 (Tex.Crim.App.1988).

■ In *Harmelin v. Michigan,* the Supreme Court refused to extend the individualized sentencing doctrine to the term-of-years context. 501 U.S. 957, 994–95, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). The Court held that no term of imprisonment—not even life without parole—could ever compare to the severity of capital punishment. *Id.* at 996, 111 S.Ct. 2680. Death, the Court observed, is "unique in its total irrevocability." *Id.* at 995, 111 S.Ct. 2680 (citing *Furman v. Georgia,* 408 U.S. 238, 306, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Stewart, J., concurring)). Because of this qualitative difference, the Court held that the reasons for requiring individualized sentencing did not apply outside the context of capital punishment. *Id.* at 996, 111 S.Ct. 2680. Thus, under *Harmelin,* the Eighth Amendment does not afford criminal defendants the right to produce evidence of mitigating circumstances when the state seeks punishment for a term of years. *Id.; Ex parte Chavez,* 213 S.W.3d 320, 324 n. 20 (Tex.Crim.App. 2006); *see also Cienfuegos v. State,* 113 S.W.3d 481, 494–96 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (reaching the same conclusion under the Texas Constitution).

Appellant concedes that *Harmelin* was controlling authority at the time of his trial, and he admits that objecting to his mandatory sentence would have been futile for that reason. However, appellant now claims that *Harmelin* applies with less force following the Supreme Court's deci-

sion in *Graham,* which was decided after his trial ended. We disagree.

The issue in *Graham* concerned only whether a juvenile offender could be sentenced to life without parole for the commission of a non-homicide crime. *Graham,* 130 S.Ct. at 2017–18. The Court held that such a sentence was unconstitutional. *Id.* at 2034. However, the decision turned strictly upon the application of the Eighth Amendment's narrow proportionality principle, not the right to produce evidence of mitigating circumstances. *See id.* at 2023–30. The offender in *Graham* was not punished pursuant to a mandatory sentencing statute. In fact, the trial court received various recommendations, ranging from four to thirty years' imprisonment. *See id.* at 2018–19. Because the offender had the opportunity to produce mitigating evidence, the Supreme Court was not required to revisit *Harmelin* and decide whether the Eighth Amendment mandates individualized consideration for a term-of-years sentence. *See Welch v. State,* 335 S.W.3d 376, 381–82 (Tex.App.-Houston [14th Dist.] 2011, pet. ref'd).

In short, the *Graham* decision shaped the Eighth Amendment only to the extent it held that a juvenile may not be sentenced to life without parole for a non-homicide crime. The ruling was categorical, applying regardless of whether the sentence was imposed as a mandatory term or as the most severe punishment in a discretionary range of years. Importantly, the scenario presented in *Graham* is not presented here. Appellant was not a juvenile at the time of his offense, nor was he convicted of a non-homicide crime. As such, *Graham* has no application to the facts of this case. Contrary to appellant's suggestions, *Harmelin* still provides controlling authority.

Appellant's second and third issues are overruled.

## SEPARATION OF POWERS

■ In his fourth issue, appellant argues that the mandatory sentencing statute violates the separation of powers doctrine. That doctrine, as articulated in article II, section 1 of the Texas Constitution, states the following:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1.

Appellant contends that Section 12.31 is unconstitutional because it allows the judicial department to invade the province of the executive. Specifically, he argues that the statute shifts power away from the Board of Pardons and Paroles ("Board"), which is an executive agency, and into the hands of the prosecutor, who is an officer of the judiciary. *See* Tex. Const. art. IV, § 11; Tex. Const. art. V, § 21; *Meshell v. State,* 739 S.W.2d 246, 253 (Tex.Crim.App. 1987) (holding that county and district attorney's are officers within the judicial department).

Appellant's argument focuses on the discretionary aspect of sentencing under Section 12.31. In a capital trial, the prosecutor may elect for punishment in the form of death or its nearest alternative, a sentence of life without parole. Tex. Penal Code Ann. § 12.31. When the prosecutor elects against death and a conviction is secured, the mandatory sentence precludes the Board from ever exercising its powers of executive clemency. *See* Tex. Gov't

Code Ann. § 508.141 (West 2004). Appellant claims that this violates the separation of powers doctrine because the election permits the prosecutor to determine that a capital defendant is not deserving of parole, a decision that is otherwise left to the Board when the defendant is convicted on a lesser charge of homicide.

Appellant did not present this argument to the trial court below, and thus, he has not preserved error for our review. *See* Tex.R.App. P. 33.1. Appellant insists that because his claim is jurisdictional, he may still raise it for the first time on appeal, relying on *Rose v. State*, 752 S.W.2d 529, 552–53 (Tex.Crim.App.1987) (op. on reh'g). However, during the pendency of this appeal, the Texas Court of Criminal Appeals overruled *Rose*, holding that error must be preserved before a defendant may assert a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex.Crim.App.2009). Even if we were to assume that appellant could raise this issue under the authority that controlled at the time of his sentencing, we would still find that the prosecutor's election does not amount to a violation of the separation of powers doctrine.

■ To establish a violation under Article II, Section 1, appellant must show that one department has assumed, or has been delegated, to whatever degree, a power that is more "properly attached" to another, or that one department has so unduly interfered with the functions of another that the other department cannot effectively exercise its constitutionally assigned powers. *See State v. Williams*, 938 S.W.2d 456, 458 (Tex.Crim.App.1997); *Edwards v. State*, 10 S.W.3d 699, 704 (Tex. App.-Houston [14th Dist.] 1999), *pet. dism'd per curiam*, 67 S.W.3d 228 (Tex. Crim.App.2002). Appellant does not appear to rely on the first category of violations. He has supplied no authority to show that the prosecutor's election

amounts to a discharge of executive power. Accordingly, this case does not present a situation of one department assuming the jurisdiction of another. *See, e.g., Vargas v. State*, 830 S.W.2d 656, 658–59 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd) (finding judicial encroachment where trial court exercised power statutorily granted to the Board). Appellant claims instead that the prosecutor's election has the "practical effect" of interfering with the internal operations of the executive. We disagree.

■ Appellant's argument wrongly assumes that the Board has plenary jurisdiction over matters concerning incarcerated persons. Although the Board is afforded the power to release inmates on parole, the determination of which inmates should be eligible for parole is an exclusively legislative function. *See Ex parte Franks*, 71 S.W.3d 327, 328 (Tex.Crim.App.2001) (declining to order a life-sentenced inmate for release on mandatory supervision); *see also* Tex. Const. art. IV, § 11(a) ("The Legislature shall have authority to enact parole laws...."); *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 104 (Tex.Crim. App.1973) ("[T]he Legislature is invested with the law-making power of the people and may define crimes and prescribe penalties."). The Texas Court of Criminal Appeals has previously held that a prosecutor does not encroach on this legislative jurisdiction when deciding how to charge a defendant with murder. *See Barefield v. State*, 784 S.W.2d 38, 46 (Tex.Crim.App. 1989) ("A prosecutor's discretion to seek an indictment for capital murder, or any other offense, is not tantamount to the legislative authority to define the range of penalties for crimes."), *overruled on other grounds by Zimmerman v. State*, 860 S.W.2d 89 (Tex.Crim.App.1993). By extension, we conclude that the prosecutor acts within his authority when he recommends a sentence of life without parole in a capital trial. The Board has no jurisdic-

tion during the sentencing phase of a criminal trial, nor does it have the authority to prescribe whether an offender should be statutorily eligible for parole based on the nature of the crime committed. We therefore reject appellant's contention that the prosecutor's election amounts to a violation of the separation of powers doctrine. *See Wilson v. State*, 348 S.W.3d 32, 42–44 (Tex. App.-Houston [14th Dist.] 2011, pet. filed); *cf. O'Bryan v. State*, 591 S.W.2d 464, 476 (Tex.Crim.App.1979) (holding that a jury does not invade the province of the Board when it determines the probability of a capital defendant's future dangerousness), *superseded on other grounds by statute*, Tex.R. Evid. 608(a), *as recognized in Michael v. State*, 235 S.W.3d 723 (Tex.Crim. App.2007).

Appellant's fourth issue is overruled.

### BURDEN OF PROOF

■ In his fifth issue, appellant contends the trial court erred in explaining to the jury pool the concept of proof beyond a reasonable doubt. Appellant specifically complains of the following explanation:

> Okay. Everybody should have their list and their jury information sheets. As I mentioned earlier, the State has the burden of proof in all criminal cases. That proof is beyond a reasonable doubt. And the lawyers will talk to you about that.
>
> Now we don't have a definition as to what reasonable doubt is. Reasonable doubt is—was defined in the Code of Criminal Procedure, but the Texas Court of Criminal Appeals—and remember, the Texas Supreme Court hears only civil cases. We have only two high courts. The Court of Criminal Appeals hears all of our criminal appeals. The Court of Criminal Appeals ruled that that was unconstitutional and gave us— the definition of reasonable doubt is what's in your mind to be. a reasonable

doubt. In other words, what do you think is a reasonable doubt?

> And I would submit to you that a reasonable doubt is the same kind of doubt in making any kind of decision in our lives, such as buying a house or selling a house or getting married or getting a divorce or what job to take. And those are called reasonable doubt about that decision-making process.
>
> And I would also submit to you that it does not mean beyond all doubt. It has to be a reasonable doubt. You hear expressions like "beyond a shadow of a doubt" or "beyond all doubt." Well, that's not possible. The only way that you can prove something beyond a shadow of a doubt would be if all 12 jurors were eyewitnesses to the scene. And that's not going to happen.

According to appellant, this explanation supplied an operative definition of "what's in your mind," which, he contends, has the effect of diminishing the State's burden of proof. Appellant also argues that the trial court's explanation was a variation on a definition endorsed in *Geesa v. State*, a case that has since been repudiated. *See Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim.App.1991) (adopting the understanding that the proof must be "of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs"), *overruled by Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App.2000).

■ Appellant did not object to the trial court's explanation during voir dire. This failure to object precludes our review of this issue absent an exception to the preservation-of-error requirement. The only possible exception would come from the *Blue* plurality's conclusion that the trial court commits fundamental error when its comments taint the presumption of innocence. *See Blue v. State*, 41 S.W.3d 129, 131 (Tex.Crim.App.2000) (plurality opin-

ion). Even if we were bound to follow the plurality opinion in *Blue,* none of the trial court's comments rose to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury. *See Jasper v. State,* 61 S.W.3d 413, 421 (Tex. Crim.App.2001) (stating, even if court of criminal appeals were bound to follow *Blue* plurality opinion, "[n]one of the trial judge's comments rose to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury"); *Marshall v. State,* 312 S.W.3d 741, 744 (Tex. App.-Houston [1st Dist.] 2009, pet. ref'd). Accordingly, appellant has waived this issue by raising it for the first time on appeal. *See Fuentes v. State,* 991 S.W.2d 267, 273 (Tex.Crim.App.1999).

Appellant's fifth issue is overruled.

## CONCLUSION

Appellant's first issue is moot. Having overruled his remaining four, we affirm the judgment of the trial court.