**Affirmed and Memorandum Opinion filed November 22, 2011.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-10-01119-CR

**BRADLEY JARED BARTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1206429**

## MEMORANDUM OPINION

A jury convicted appellant Bradley Jared Barton of capital murder, and the trial court imposed a mandatory sentence of life imprisonment without parole under Section 12.31(a)(2) of the Texas Penal Code. *See* Tex. Penal Code Ann. § 12.31(a)(2) (Vernon 2011). Appellant challenges his conviction on the ground that the trial court improperly excluded a witness's testimony about whether the murder could have been anticipated. In five additional issues, appellant argues that his sentence violates the United States and Texas Constitutions. We affirm.

## BACKGROUND

Appellant was fired from his job at a Wing Zone restaurant after three days of work. A few weeks later on January 23, 2009, two masked men entered the Wing Zone and robbed it at gunpoint. One of the robbers, Lloyd McClain, shot and killed an employee, the complainant Miguel Figueroa.

Appellant had asked McClain and Maurquice Cansler to rob the Wing Zone. During the morning of January 23, appellant purchased a box of bullets from a gun range. He loaded the murder weapon and gave it to McClain and Cansler. He drove the two men to the Wing Zone on the night of January 23. Appellant entered the restaurant about 15 minutes before the robbery to "case" the scene. He also served as the getaway driver and received $300 in proceeds from the robbery.

Appellant was indicted for capital murder, and a jury convicted him.[1] *See* Tex. Penal Code Ann. § 19.03(a)(2) (Vernon 2011). Because the State did not seek the death penalty, appellant received a mandatory sentence of life without parole. *See id.* § 12.31(a)(2).

## EXCLUSION OF EVIDENCE

In his first issue, appellant argues that the trial court erred by excluding evidence of McClain's opinion that "the shooting could not have been anticipated by the appellant." The State contends that appellant has failed to preserve error, the issue should be overruled on the merits, and any error was harmless. We agree with the State that the issue was not preserved.

Appellant questioned McClain at trial:

APPELLANT:  . . . So why would — why would you-all go across the street to where you could be seen versus that pitch dark spot where you can't be seen?

---

[1] The charge authorized the jury to convict appellant based on either accomplice or co-conspirator liability. *See* Tex. Penal Code Ann. § 7.02(a)(2), (b) (Vernon 2011).

MCCLAIN:     Just — it wasn't — it wasn't my — it really didn't matter to me at the time. I just — trying to, like I say, get in and get out, man.

APPELLANT:   And could it have — could anybody have anticipated what you were about to do?

THE STATE:   I'm going to object, speculation.

THE COURT:   Sustained.

McClain never responded to the question, nor did appellant make an offer of proof.

An appellant may not complain on appeal about the erroneous exclusion of evidence unless the appellant made an offer of proof in the trial court or the substance of the evidence was apparent from the context. Tex. R. Evid. 103(a)(2). "The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful." *Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (quotation omitted). Appellant failed to preserve error for our review because he did not make an offer of proof, and McClain's supposed opinion that "the shooting could not have been anticipated by the appellant" was not apparent from the context. We decline to speculate about McClain's answer to the question.

Appellant's first issue is overruled.

### CONSTITUTIONALITY OF SECTION 12.31(a)(2)

In his second, third, and sixth issues, appellant argues that mandatory punishment of life without parole violates the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution, *see* U.S. Const. amend VIII; the Cruel or Unusual Punishment Clause of the Texas Constitution, *see* Tex. Const. art. I, § 13; and the Separation of Powers Section of the Texas Constitution, *see* Tex. Const. art. II, § 1. The State contends appellant failed to preserve error and that the issues should be overruled on the merits. We agree with the State on both counts.

3

Appellant failed to preserve error for each of his issues related to the facial constitutionality of Section 12.31(a)(2) because he made no complaint to the trial court. *See* Tex. R. App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court . . . ."); *Karanev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."); *Wilkerson v. State*, 347 S.W.3d 720, 722, 724 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (no error preserved for challenges to Section 12.31(a)(2) based on the Cruel and Unusual Punishment Clause of the United States Constitution, the Cruel or Unusual Punishment Clause of the Texas Constitution, or the Separation of Powers Section of the Texas Constitution).[2]

Further, binding precedent would require us to overrule these three issues on the merits. *See Wilkerson*, 347 S.W.3d at 723, 725 (overruling these three issues on the merits); *see also Wilson v. State*, 348 S.W.3d 32, 42–44 (Tex. App.—Houston [14th Dist.] 2011, pet. filed) (holding that a mandatory sentence of life without parole for a juvenile convicted of capital murder did not violate the Cruel and Unusual Punishment Clause of the United States Constitution, the Cruel or Unusual Punishment Clause of the Texas Constitution, or the Separation of Powers Section of the Texas Constitution).

Accordingly, appellant's second, third, and sixth issues are overruled.

### CONSTITUTIONALITY OF A SENTENCE OF LIFE WITHOUT PAROLE FOR A CO-CONSPIRATOR CONVICTED OF CAPITAL MURDER

In his fourth and fifth issues, appellant argues that a sentence of life without parole violates the Cruel and Unusual Punishment Clause of the United States Constitution and the Cruel or Unusual Punishment Clause of the Texas Constitution because such a sentence is disproportionate for a conviction of capital murder based on co-conspirator

---

[2] Given the broad holding in *Karanev* and our specific holding in *Wilkerson*, we reject appellant's argument that he should be excepted from making a complaint in the trial court due to "futility" or the bare assertion that trial court judges are unlikely to hold Section 12.31 unconstitutional.

criminal responsibility. The State contends appellant failed to preserve error and that the issues should be overruled on the merits. We agree with the State on both counts.

Appellant was required to first make a complaint in the trial court to preserve error for our review. *See* Tex. R. App. P. 33.1(a); *see also Battle v. State*, 348 S.W.3d 29, 30–31 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (no error preserved for a complaint that the co-conspirator's conviction for capital murder violated the Eighth Amendment because it was disproportionate). Appellant did not complain about the proportionality of his sentence in the trial court, and thus, he did not preserve error for our review. *See Battle*, 348 S.W.3d at 30–31.

Further, binding precedent would require us to overrule his fourth issue premised on the Cruel and Unusual Punishment Clause of the United States Constitution. *See id.* at 32 ("[A] life sentence without the possibility of parole for a capital murder conviction based on co-conspirator liability does not violate the Eighth Amendment.").

Appellant contends that we should interpret the Cruel or Unusual Punishment Clause of the Texas Constitution to provide greater protection for criminal defendants than the protections offered by the similar provision in the United States Constitution because the Texas Constitution uses the word "or" while the United States Constitution uses the word "and." The Court of Criminal Appeals has rejected this argument. *See Williams v. State*, 937 S.W.2d 479, 492 (Tex. Crim. App. 1996) (citing *Anderson v. State*, 932 S.W.2d 502, 509–10 (Tex. Crim. App. 1996)).[3]

Even if we assume solely for argument's sake that the Texas Constitution protects against punishments that are merely "unusual" — rather than both "cruel" and "unusual" — as appellant suggests, he has failed to show how a sentence of life without parole is "unusual" for a co-conspirator convicted of capital murder. *See Anderson*, 932 S.W.2d at 510 (finding that the death penalty was not "unusual" under the Texas Constitution

---

[3] *But see Anderson*, 932 S.W.2d at 509 ("We do not decide whether the state constitutional provision is broader than its counterpart.").

because the Court of Criminal Appeals "has never in its history held the death penalty to constitute cruel and unusual punishment under the Texas Constitution"); *see also Bergara v. State*, No. 14-07-00938-CR, 2009 WL 2476513, at *9 (Tex. App.—Houston [14th Dist.] Aug. 13, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that a mandatory sentence of life without parole for a co-conspirator convicted of capital murder "does not constitute cruel and unusual punishment under . . . the Texas Constitution"); *Cienfuegos v. State*, 113 S.W.3d 481, 496 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (same).

Accordingly, appellant's fourth and fifth issues are overruled.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/      William J. Boyce
       Justice

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).