Luis Enrique RIVERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–11–00267–CR.

Court of Appeals of Texas,
Beaumont.

Sept. 26, 2012.

Danny K. Easterling, Houston, for Appellant.

Brett W. Ligon, District Attorney, William J. Delmore III, Assistant District Attorney, Conroe, for State.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Luis Enrique Rivera appeals his conviction for capital murder. *See* Tex. Penal Code Ann. § 19.03(a)(2) (West Supp.2012).[1] Rivera, along with Luis Antonio Menendez, were indicted for the murder of Pedro Rodriguez, committed in the course of robbing Jaime Gonzalez. Rivera raises several issues in his appeal, contending (1) the trial court denied his federal and state rights of confrontation by allowing an active-duty soldier to testify by live videoconference, and (2) his sentence to life without parole violates various provisions found in the constitutions of the United States and State of Texas. Finding no error, we affirm the judgment.

### Confrontation Clause Claims

■ The trial court allowed one of the witnesses, Thomas Taylor, to testify using live videoconferencing because at the time of trial he was on active duty in Iraq.[2] When Rodriguez was murdered, Taylor was a crime scene investigator that found fingerprints on Rodriguez's SUV. The trial court overruled Rivera's Sixth Amendment and article 1, section 10 objections to the witness being allowed to testify from another location. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10. On appeal, Rivera contends the procedure the trial court followed, allowing the witness to testify without being present in the courtroom, was insufficient to satisfy his right of confrontation. While Rivera concedes the Supreme Court of the United States has accepted video testimony in some cases, he argues no compelling public policy justifies its use under the circumstances in his case.

---

1. Because the amendment to section 19.03 is not material to this case, we cite the current version of the statute.

2. The videoconference was accomplished through Skype, a proprietary internet-based computer software system that provides two-way visual and voice communication.

The Confrontation Clause of the Sixth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him[.]" U.S. Const. amends. VI, XIV; *see Pointer v. Texas,* 380 U.S. 400, 407–08, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig,* 497 U.S. 836, 845, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). The right of confrontation requires that the witness be placed under oath, the defendant be given the opportunity for cross-examination, and the factfinder be provided the opportunity to observe the witness's demeanor. *See id.,* 497 U.S. at 845–46, 110 S.Ct. 3157. "[T]he Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa,* 487 U.S. 1012, 1016, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). Nevertheless, while a face-to-face confrontation is preferred, it is "a preference that 'must occasionally give way to considerations of public policy and the necessities of the case[.]'" *Craig,* 497 U.S. at 849, 110 S.Ct. 3157 (quoting *Mattox v. United States,* 156 U.S. 237, 243, 15 S.Ct. 337, 39 L.Ed. 409 (1895)).

For instance, the defendant's right of confrontation can be satisfied without the physical appearance of the witness in the courtroom, through procedures similar to the one the trial court followed in this case, when the witness is a child. *See Craig,* 497 U.S. at 840, 857–58, 110 S.Ct. 3157 (six-year-old sexual assault victim testified through one-way closed circuit television); *Marx v. State,* 987 S.W.2d 577, 578–79,

580–81 (Tex.Crim.App.1999) (developmentally impaired thirteen-year-old sexual assault victim and six-year-old eyewitness testified through two-way closed circuit television). More recently, courts have allowed the use of videoconferencing in the face of Confrontation Clause objections when the respective witnesses involved were ill and could not travel. *See Paul v. State,* —— S.W.3d ——, ——, 2012 WL 3101743, at *10 (Tex.App.-Tyler, 2012, no pet. h.) (witness with stage IV ovarian cancer); *Stevens v. State,* 234 S.W.3d 748, 782 (Tex.App.-Fort Worth 2007, no pet.) (witness with cardiovascular illness).

Rivera argues an exception to face-to-face confrontation is not justified in his case because the witness would likely return to the United States in a year or two. However, Rivera did not ask the trial court for a continuance or a recess on that basis. In December 2008, Rivera sought habeas relief from pre-trial custody; his bond was reduced to $100,000 but at the time of trial in May 2011, he remained in custody, and he was possibly subject to an immigration hold.

Rivera does not complain about the technical adequacy of the videoconferencing utilized in his case. Instead, Rivera argues that the fact that Taylor was not present in the courtroom and appeared on a monitor reduced the visual impact of his testimony as compared to that given by a witness physically in the courtroom. Nevertheless, the system used in this case allowed the factfinder and attorneys to observe Taylor, preserving those aspects of confrontation. Also, Taylor testified under oath, and Rivera's attorney cross-examined him. Rivera, the attorneys, and the jury, all present in the courtroom, could observe Taylor's demeanor while he testified. Finally, Taylor's testimony concerned his collection of prints from Rodri-

guez's SUV, a detail that involved the routine investigation of the crime scene.

Under the circumstances, the trial court could reasonably determine that the case warranted having Taylor testify by videoconference. We conclude that under the circumstances, the preference for having witnesses testify in the courtroom must give way to the practical considerations involving Taylor's military obligation that made his physical presence impractical. The procedure the trial court followed, allowing Taylor to participate in the trial by live videoconference while in full view of those participating in the courtroom, did not violate Rivera's rights under the Confrontation Clause of the Sixth Amendment. *See* U.S. Const. amend. VI.

Rivera suggests that we should interpret the Confrontation Clause found in article I, section 10 of the Texas Constitution to be more protective than the Confrontation Clause in the Sixth Amendment. In support of that argument, Rivera relies on the dissenting opinion authored by Justice Scalia in *Maryland v. Craig*, 497 U.S. at 860–70, 110 S.Ct. 3157. However, Rivera has not cited to any cases holding that the Confrontation Clause of the Texas Constitution is more protective of a defendant's rights than the Confrontation Clause in the United States Constitution. *See generally Garcia v. State*, 151 Tex.Crim. 593, 210 S.W.2d 574, 579 (1948) (op. on reh'g) ("The Sixth Amendment to the Federal Constitution, as well as the Constitutions of most of the States, provides for confrontation in language not materially different to that of our State Constitution."). In *Craig*, Justice Scalia argued for a more stringent application of the Sixth Amendment than the position adopted by the majority. *See Craig*, 497 U.S. at 860–70, 110 S.Ct. 3157. In the absence of precedent from a court of this State to indicate that the State Confrontation Clause should

be interpreted to provide a defendant more rights than the rights provided under the Sixth Amendment, we decline to interpret Texas' Confrontation Clause to impose protections greater than the protections afforded a defendant under federal law. Having considered all of Rivera's Confrontation Clause claims, we overrule issues one and two.

### Cruel and Unusual Punishment Claims

■ Although the State indicted Rivera for capital murder, it did not seek the death penalty. When a defendant is found guilty in a capital felony and the State has not sought the death penalty, a sentence of life without parole is mandatory. Tex. Code Crim. Proc. Ann. art. 37.071 § 1 (West Supp.2012); Tex. Penal Code Ann. § 12.31(a)(2) (West 2011). Because a mandatory sentence of life without parole does not require the jury to consider mitigating circumstances in a punishment hearing, Rivera contends that his sentence of life without parole is cruel and unusual, violating State and federal law. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13.

However, at trial, Rivera failed to object to his sentence on the basis that it was cruel and unusual. He argues that because the governing law at the time of his trial made any objection on that basis futile, his failure to object is excusable. *See Harmelin v. Michigan*, 501 U.S. 957, 994–96, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (concluding that the imposition of a mandatory sentence of life in prison without the possibility of parole, without consideration of any mitigating factors, does not constitute cruel and unusual punishment). The case Rivera cites, *Graham v. Florida*, —— U.S. ——, 130 S.Ct. 2011, 2031, 176 L.Ed.2d 825 (2010), was decided before Rivera's trial. After Rivera filed his brief, we note that the Supreme Court of the United States extended *Graham*, a non-

homicide case, to hold that a sentence of mandatory life without parole for those under the age of eighteen at the time they commit capital murder violates the Eighth Amendment. *Miller v. Alabama,* —— U.S. ——, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012).

When Rivera's trial occurred, the "right not recognized" exception to the general rules of error preservation required Rivera to object to his sentence on the ground he now argues that we should consider. *See Sanchez v. State,* 120 S.W.3d 359, 367 (Tex.Crim.App.2003); *Marin v. State,* 851 S.W.2d 275, 279 (Tex. Crim.App.1993). Unless a right is absolute or must be affirmatively waived, a contemporaneous objection is required to preserve error. *See Marin,* 851 S.W.2d at 279–80. Eighth Amendment complaints, such as the ones Rivera attempts to raise here, require the defendant to make a timely objection at trial to preserve the error for appellate review. *See Wilkerson v. State,* 347 S.W.3d 720, 722 (Tex.App.-Houston [14th Dist.] 2011, pet. ref'd). To preserve error for appeal, a timely objection based on article I, section 13 of the Texas Constitution was required at trial. *See Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996).

We are not persuaded that either *Graham* or *Miller* changed the existing law. In both *Graham* and *Miller,* the Supreme Court applied a categorical rule for juvenile offenders based on the defendant's age as of the date of the crime. Rivera does not claim to have been a juvenile when the crime at issue in his case occurred, and an exhibit admitted at trial reflects that he was born in 1979. We hold that Rivera has not shown a change in the law creating a right not recognized at the time of trial. *See Wilkerson,* 347 S.W.3d at 722–23 (holding that *Harmelin,* not *Graham,* applies to adult offenders); *see also Black v. State,*

816 S.W.2d 350, 362–64 (Tex.Crim.App. 1991) (discussing "right not recognized" exception to the contemporaneous objection rule).

We conclude that Rivera procedurally defaulted on his allegations that his sentence constitutes a cruel and unusual punishment. *See* Tex.R.App. P. 33.1. We overrule issues three and four.

### Separation of Powers

In his fifth issue, Rivera argues that the mandatory life without parole provision of Section 12.31(a)(2) of the Penal Code violates state constitutional separation of powers because it allows a prosecutor to preclude the parole board from exercising its constitutional authority over the board's responsibility to supervise who is given parole. *See* Tex. Const. art. II, § 1

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

*Id.*

According to Rivera, Section 12.31(a)(2) violates the separation of powers doctrine. *See* Tex. Penal Code Ann. § 12.31(a)(2) (providing that an individual adjudged guilty of a capital felony in a case in which the State does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for "life without parole"). However, Rivera did not raise a separation of powers

claim in the trial court; thus he attempts to raise an issue without complying with the general rules for preserving error. He is not permitted to do so. "[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State,* 281 S.W.3d 428, 434 (Tex.Crim.App.2009).

We conclude that Rivera waived his facial challenge to the constitutionality of section 12.31(a)(2) of the Penal Code by failing to object in the trial court on the basis argued in his appeal. *See Wilkerson,* 347 S.W.3d at 723–24; *see also* Tex.R.App. P. 33.1. We overrule issue five. Having overruled all of Rivera's issues, we affirm the trial court's judgment.

AFFIRMED.