**Affirmed and Memorandum Opinion filed February 12, 2013.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-11-00982-CR**

---

**JACOBY DARNELL HALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1318666**

---

## MEMORANDUM OPINION

A jury convicted appellant Jacoby Darnell Hall of capital murder, and the trial court assessed automatic punishment of life imprisonment without parole. *See* Tex. Code Crim. Proc. Ann. art. 37.071 § 1 (Vernon Supp. 2011). We affirm.

## BACKGROUND

The appellant has not challenged the sufficiency of the evidence supporting his conviction; therefore, we recite only those facts necessary to the disposition of this appeal.

In August 2008, Varn Butler (a/k/a "Hop") was paid approximately $1,800 for 1,500 Xanax pills. He took the money but never produced the pills. The appellant was a part of a group that spent several days searching for Butler in an attempt to retrieve the $1,800. The group tracked down people who knew Butler and looked for him at several of his known hangouts.

On August 16, 2008, the appellant and his cousin, Reginald Price, broke into Marcus Smith's house by kicking in the door. The appellant was carrying a revolver, and Price was carrying a semiautomatic pistol. The appellant forced Smith to call the complainant, William Jones (a/k/a/ "Boo"), to invite him to Smith's house to smoke marijuana. The appellant and Price believed the complainant had information on where to find Butler. When the complainant arrived, the appellant and Price forced him to sit next to Smith while he was interrogated at gunpoint about Butler's whereabouts. Charles Patterson, a neighborhood handyman, knocked on the front door around this time; the appellant and Price forced him to stand in a corner of the room while Smith and the complainant were being questioned.

When Price was distracted, the complainant jumped up and tried to wrestle his gun away. After a short fight, the appellant and Price both shot the complainant. The appellant and Price took cell phones and identification from the

complainant, Smith, and Patterson before fleeing.  The complainant died on the way to the hospital of multiple gunshot wounds.

The appellant was indicted for the intentional killing of Jones while in the course of committing several different violations of the Texas Penal Code:

- burglary or attempted burglary of a building owned by Smith;[1]

- kidnapping or attempted kidnapping of Jones;[2]

- kidnapping or attempted kidnapping of Smith;[3]

- kidnapping or attempted kidnapping of Patterson;[4]

- robbery or attempted robbery of Jones;[5]

- robbery or attempted robbery of Smith;[6] and

- robbery or attempted robbery of Patterson[7]

A jury found the appellant guilty of capital murder, and the trial court assessed the mandatory sentence of life imprisonment without parole.

The appellant raises six issues on appeal: (1) The amended indictment failed to provide adequate notice and protect the appellant from double jeopardy; (2) the jury charge violated the appellant's constitutional and statutory rights to a unanimous verdict; (3) the jury charge included theories of the crime unsupported

---

[1] *See* Tex. Penal Code Ann. § 30.02 (Vernon 2011).

[2] *See* Tex. Penal Code Ann. § 20.03 (Vernon 2011).

[3] *See id.*

[4] *See id.*

[5] *See* Tex. Penal Code Ann. § 29.02 (Vernon 2011).

[6] *See id.*

[7] *See id.*

by the evidence; (4) automatic punishment of life imprisonment without parole constitutes "cruel and unusual punishment" that violates the Eighth Amendment of the U.S. Constitution; (5) automatic punishment of life imprisonment without parole constitutes "cruel or unusual punishment" that violates Article I, section 13 of the Texas Constitution; and (6) automatic punishment of life imprisonment without parole is a violation of the separation of powers set out in Article 2, section 1 of the Texas Constitution.

## ANALYSIS

### I.    Waiver

The Texas Rules of Appellate Procedure require a party to preserve error for appellate review by demonstrating the error on the record. Tex. R. App. P. 33.1(a); *Clark v. State*, 305 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 365 S.W.3d 333 (Tex. Crim. App. 2012). The party must make the complaint in a timely manner and state the grounds for the ruling that the complaining party seeks from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). In raising the complaint on appeal, the party must ensure the point of error is the same as the complaint or objection made during trial. *Clark*, 305 S.W.3d at 354. Even constitutional errors can be waived if a party fails to properly object to the errors at trial. *Id.* at 355. A challenge to the constitutionality of a statute may not be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (facial challenges); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (as-applied challenges). Therefore, if a party's objection at trial does not correspond with its issue on appeal, the party has waived that issue. *Clark*, 305 S.W.3d at 354.

4

Here, the appellant argues that the issues raised on appeal were preserved in the trial court by his motion to quash the indictment and his objection to the jury charge.

In relevant part, the appellant's motion to quash provides:

> The [appellant's] right to have his guilt determined by a unanimous verdict and have a fundamentally fair trial as provided by the due process clause of the U.S. Constitution is violated by the Texas rule allowing a general verdict without requiring jurors to agree on the manner the alleged crime was committed.
>
>     *       *       *
>
> Under the present indictment there are no less than 15 ways the [appellant] might be found guilty of Capital Murder. It is possible for the jury to return a general verdict of guilt without any two jurors agreeing to the manner in which he could be found guilty.

The defense counsel made a similar argument when he objected to the jury charge:

> I do have one objection, Judge. I would ask that the State be required to elect a specific paragraph in the indictment of one of the enumerated three felonies, whether it's burglary of a building, kidnapping[,] or robbery, so that the — my client gets a fair trial and there is no due process violation of his right to unanimous verdict from the Jury.
>
> I think the way the Jury charge is, is confusing, it's misleading and the State — not necessary for them to have three enumerated felonies in this case, Your Honor.

The appellant offers no other vehicle for preservation beyond his motion to quash and his charge objection. Neither makes any mention of inadequate notice or double jeopardy, the jury charge's inclusion of theories unsupported by the evidence, cruel and unusual punishment under the United States Constitution, cruel

5

or unusual punishment under the Texas Constitution, or a violation of the separation of powers.[8] Therefore, the appellant has waived these arguments.

We overrule the appellant's first, third, fourth, fifth, and sixth issue.

## II. Unanimity

In his second issue, the appellant argues that, "The jury charge should have required the jury to be unanimous as to a theory of Capital Murder, with multiple verdict forms, if necessary." According to the appellant, the trial court violated his constitutional and statutory rights to a unanimous verdict by overruling his request that the State elect which underlying felony it would rely on to establish capital murder. Price raised the same argument in his separate appeal, which was rejected. *See Price v. State*, No. 14-11-00122-CR, 2012 WL 3292960, at \*7 (Tex. App.—Houston [14th Dist.] Aug. 14, 2012, pet. ref'd) (mem. op., not designated for publication). We see no basis for reaching a different conclusion here.

It is not a violation of the defendant's right to a unanimous jury for the trial court to submit disjunctively all alternative theories of capital murder contained within section 19.03, whether they are found in the same or different subsections, so long as the same victim is alleged for the predicate murder. *Gamboa v. State*, 296 S.W.3d 574, 584 (Tex. Crim. App. 2009). Nothing prohibits a single capital murder from containing alternative underlying offenses that are the same statutory offense but with different victims or different underlying methods of commission, so long as the same victim is alleged with respect to the predicate murder. *Davis v.*

---

[8] This court has rejected the contention that life imprisonment without parole for an adult defendant violates the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution, the Cruel or Unusual Punishment Clause of the Texas Constitution, and the Separation of Powers Section of the Texas Constitution. *See Wilkerson v. State*, 347 S.W.3d 720, 723, 725 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Battle v. State*, 348 S.W.3d 29, 32 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

*State*, 313 S.W.3d 317, 342 (Tex. Crim. App. 2010). Accordingly, the trial court did not violate the appellant's right to a unanimous verdict by failing to order the State to elect a single underlying felony upon which to base its capital murder case.

We overrule the appellant's second issue.

## CONCLUSION

Having overruled all of the appellant's issues on appeal, we affirm the judgment of the trial court.

/s/    William J. Boyce
Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).