**Affirmed and Memorandum Opinion filed May 16, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00776-CR

---

**VONDRA JOSEPH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1231961**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of capital murder. The trial court sentenced appellant to confinement for life without parole in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal.

## BACKGROUND FACTS

The record reflects that Milton Holiday drove three other men to a convenience store. Holiday went inside and bought a bottle of water, and returned to the vehicle. Three armed men, all with hoods over their faces, entered the store. They robbed the store and in the course of the robbery the clerk was shot and killed. After Holiday was identified as the person casing the store prior to the robbery, he was questioned and identified three other suspects, including appellant. At trial, Holiday testified extensively to appellant's part in the robbery, including the fact that appellant shot the clerk.

## ACCOMPLICE-WITNESS TESTIMONY

In his first issue, appellant claims the evidence was insufficient because the accomplice-witness testimony was not sufficiently corroborated. "A challenge to the sufficiency of the evidence to corroborate the testimony of an accomplice is a challenge to the sufficiency of the evidence to support the jury's verdict on guilt or innocence. *Munoz v. State,* 853 S.W.2d 558, 560 (Tex.Crim.App.1993)." *Griffin v. State*, 936 S.W.2d 353, 356 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). We eliminate all accomplice evidence from the record and determine whether inculpatory facts and circumstances in evidence tend to connect appellant to the offense to determine whether an accomplice's testimony is corroborated. *Munoz,* 853 S.W.2d at 559. "Corroborative evidence need not establish his guilt or directly link him to the offense; it is sufficient if it 'tends to connect' him to the offense." *Id.* All the facts and circumstances are considered and the corroborative evidence may be circumstantial or direct. *Griffin*, 936 S.W.2d at 356 (citing *Brown v. State,* 672 S.W.2d 487, 488 (Tex.Crim.App.1984)). The accomplice testimony need not be corroborated on every element of the offense. *Id.* (citing *Warren v. State,* 514

S.W.2d 458, 463 (Tex.Crim.App.1974), *overruled on other grounds, Reed v. State,* 744 S.W.2d 112 (Tex.Crim.App.1988)).

Eliminating all accomplice evidence from the record, we consider the following facts and circumstances for corroboration of Holiday's testimony. According to the testimony of Jeannie Ramos, the four men arrived at the convenience store in a tan mid-size sedan. Video surveillance showed a vehicle outside the store during the robbery which matched the description of the vehicle provided by Jeannie Ramos. Officer Miller testified the vehicle belonged to Milton Holiday. Officer Miller also testified that Holiday was identified as the individual who cased the store, before the other three men entered. The vehicle was processed and a palm print was lifted from the exterior front driver's side quarter panel that matched appellant's right palm print.

Milton Holiday's mother, Janie Holiday, testified that she called her son after seeing him on the news, "walking in the store." Two days after the murder, "Gunplay" came to the home of Milton's father but Janie was the only one present. In the courtroom, Janie identified "Gunplay" as appellant. Appellant asked for Milton. Janie asked his name and he said, "Vondra." Janie told appellant Milton was not there and he asked to talk to her. Appellant told Janie, "tell Mel to don't say his name and he only just went in, you know, like to buy some water."

Admitted into evidence was a screen shot of a text message sent to Holiday's cell phone the day after the robbery. The message was "Say mel this gunplay just chill they aint got shit u just went in an got some water so please dont say nobody name i know how it shit go BORN GANGSTA."

The non-accomplice evidence need not directly link the accused to the commission of the offense. *Dowthitt v. State,* 931 S.W.2d 244, 249 (Tex.Crim.App.1996). It is not necessary that the non-accomplice evidence be

3

sufficient, standing alone, to establish guilt beyond a reasonable doubt. *Id*. "Even apparently insignificant incriminating circumstances may sometimes afford satisfactory evidence of corroboration." *Trevino v. State,* 991 S.W.2d 849, 852 (Tex.Crim.App.1999).

Appellant's palm print was found on the outside of the car used by the four men the night of the robbery. Appellant's prints on the getaway car tends to connect him to the offense. *See Cooks* v. *State,* 844 S.W.2d 697, 708 (Tex.Crim.App. 1992) (the sighting of a vehicle matching the description of the getaway car near the scene of the crime and the fingerprints of defendant in that car "tended to connect" defendant with the capital murder).

Moreover, appellant approached Janie Holiday two days after the murder and told her to tell Milton not to say his name. A text message was then sent to Milton from "Gunplay" telling him not to say anyone's name. A jury could rationally find these actions were a suspicious circumstance and indicate appellant's consciousness of guilt. *See Simmons v. State,* 282 S.W.3d 504, 510-11 (Tex.Crim.App. 2009) (A jury could rationally find that defendant's actions were a suspicious circumstance that could be construed as the efforts of a guilty man encouraging his accomplice to remain silent as to his involvement in the offense.)

We find the evidence sufficiently corroborates the accomplice-witness testimony of Milton Holiday. Therefore, the accomplice-witness testimony could be considered for all purposes and clearly supported appellant's conviction for capital murder. Issue one is overruled.

## ADMISSION OF TEXT MESSAGE

Appellant's second issue argues the trial court erred in admitting into evidence a photograph depicting a screen-shot of the text message received by Milton Holiday, set forth above. In his brief, appellant claims the evidence was improperly authenticated. *See* Tex. R. Evid. 901. Thus, appellant asserts, his hearsay objection was not overcome by the exception for admission of a statement against interest by the opposing party. *See* Tex. R. Evid. 801(e)(2)(A).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Tienda v. State,* 358 S.W.3d 633, 638 (Tex.Crim.App.2012). As long as the trial court's ruling is "within the zone of reasonable disagreement," we will not disturb the ruling. *Id.* (quoting *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh'g)).

Electronic evidence such as text messages must be authenticated to be admissible. *See* Tex. R. Evid. 901(a); *Tienda,* 358 S.W.3d at 638. Evidence may be authenticated by circumstantial evidence. *Id.* Printouts of cellular phone text messages have been properly admitted into evidence when sufficiently linked to the purported author so as to justify submission to the jury for its ultimate determination of authenticity. *Id.* at 639. Admissibility in each case turns on the peculiar facts of that case. *Id.* at 641. The trial court "need not be persuaded that the proffered evidence is authentic. The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Id.* at 638.

Holiday testified that the day after the shooting, appellant called him and told him, "Don't say nothing" and "they don't have nothing." Holiday received the text message that same night. Janie Holiday identified appellant as "Gunplay" and

5

the sender of the text message identified himself as "Gunplay." Appellant told Janie, "tell Mel to don't say his name and he only just went in, you know, like to buy some water." The text message was "Say mel this gunplay just chill they aint got shit u just went in an got some water so please dont say nobody name . . ."

We find the similarity of appellant's verbal messages to Milton and Janie Holiday to the text message provides a sufficient link to support a reasonable determination that the evidence was authentic. We therefore conclude that the trial court did not abuse its discretion by admitting the text messages in evidence and overrule appellant's second issue. *See Tienda*, 358 S.W.3d at 638, 645.

CONSTIUTIONALITY OF LIFE WITHOUT PAROLE SENTENCE

In his third, fourth and fifth issues, appellant argues that mandatory punishment of life without parole violates the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution, *see* U.S. Const. amend VIII; the Cruel or Unusual Punishment Clause of the Texas Constitution, *see* Tex. Const. art. I, § 13; and the Separation of Powers Section of the Texas Constitution, *see* Tex. Const. art. II, § 1; Tex. Pen. Code § 12.31(a). For the reasons stated in *Wilkerson v. State,* 347 S.W.3d 720, 722, 724 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd), we reject these arguments.[1] Issues three, four and five are overruled.

---

[1] Appellant was not a juvenile at the time or his offense, nor was he convicted of a non-homicide crime.

## CONCLUSION

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.

/s/     William J. Boyce
        Justice

Panel consists of Justices Boyce, McCally, and Donovan.

Do Not Publish ─ Tex. R. App. P. 47.2(b).