**Affirmed and Memorandum Opinion filed February 5, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01118-CR

**DANIEL JACOB STINER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1290078**

## MEMORANDUM OPINION

In this appeal from a conviction for capital murder, we consider whether the evidence is legally sufficient to support the conviction and whether an automatic sentence of life without parole is cruel or unusual in violation of the United States and Texas Constitutions. For the reasons explained below, we conclude that the evidence is sufficient and that the automatic sentence is constitutional. We therefore affirm the trial court's judgment.

# BACKGROUND

The complainant, a convenience store clerk, was gunned down at work by a masked robber. Surveillance footage showed that the complainant had attempted to run from the robber and hide behind a steel door. The robber shot five times at the door, in an area tightly clustered at chest level. The bullets were hollow points, which are designed to expand upon impact and inflict maximum damage. Each of the bullets pierced the door and struck the complainant on the other side. The robber quickly made off with the cash register, and the complainant died at the scene.

Two days after the incident, appellant turned himself in for questioning and confessed that he was the masked robber. He cooperated fully with investigators.

At trial, appellant testified that he lacked the specific intent to kill the complainant, and that the jury should finding him guilty of felony murder, but not capital murder. Appellant explained that he shot at the steel door because he believed that a gun may have been hidden in the store, and he wanted to scare or deter anyone from daring to use it.

The State countered that the killing was deliberate. It noted that appellant had military training in firearms, and that he had aimed his weapon with precision at the complainant's center of mass, where shots are often fatal. The State also noted that appellant could have easily scared the complainant in a non-deadly manner, such as by firing a single shot in the air, or by verbally threatening the complainant to stay in the back of the store, to where he had been fleeing.

The jury received instructions on both offenses, but it rejected appellant's claim of felony murder and convicted him of the greater offense of capital murder. Because the State did not seek the death penalty, the sentence was automatic.

Appellant received no opportunity to put on any evidence of mitigating circumstances.

## SUFFICIENCY OF THE EVIDENCE

To obtain a conviction for capital murder, the State was required to prove that appellant murdered the complainant and that the murder was intentionally committed during the course of a robbery. *See* Tex. Penal Code § 19.03(a)(2). Appellant does not dispute that he killed the complainant, or that the killing happened during the course of a robbery. He argues only that there is legally insufficient evidence that he had the specific intent to kill.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The evidence is insufficient when the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense. *See Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.* Circumstantial evidence is as

probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *See* Tex. Penal Code § 6.03(a). Intent may be inferred from circumstantial evidence, such as acts, words, and conduct. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). If a person uses a deadly weapon in a deadly manner, the inference is almost conclusive that the person intended to kill. *See Adanandus v. State*, 866 S.W.2d 210, 215 (Tex. Crim. App. 1993).

Appellant testified directly that he did not intend to kill the complainant, but the jury was free to disbelieve that testimony and infer an opposite intent from the surrounding circumstances. The record showed that appellant began firing at the complainant nearly as soon as he entered the convenience store. Appellant testified that he knew that guns were sometimes hidden in convenience stores, and the jury could have inferred from that testimony that appellant fired at the complainant to neutralize a perceived threat. That inference is further supported by evidence that appellant used hollow-point bullets, which are especially deadly, and he aimed his weapon near the complainant's center of mass. *See Evans v. State*, 440 S.W.3d 107, 113 (Tex. App.—Waco 2013, pet. ref'd) (holding that the jury could have inferred an intent to kill from evidence that the defendant shot a convenience store clerk in the chest using a gun loaded with hollow-point bullets). Appellant also discharged his weapon five times, when there were less dangerous means of scaring the complainant. *See Vuong v. State*, 830 S.W.2d 929, 934 (Tex. Crim. App. 1992) (holding that the jury could have inferred an intent to kill from

4

evidence that the defendant fired multiple shots, and most of them struck human targets). The jury could have reasonably determined that appellant wanted to eliminate the complainant, not just scare him. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996) ("The jury may infer the intent to kill from the use of a deadly weapon unless it would not be reasonable to infer that death or serious bodily injury could result from the use of the weapon."); *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim. App. 1982) (op. on reh'g) (holding that there was legally sufficient evidence of an intent to kill, even though the defendant fired his weapon through a door).

We conclude that there is legally sufficient evidence from which the jury could have found every element of capital murder beyond a reasonable doubt.

## CRUEL AND UNUSUAL PUNISHMENT

Appellant argues next that an automatic sentence of life without parole amounts to cruel and unusual punishment in violation of both the United States and Texas Constitutions. Appellant relies on *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which held that juvenile offenders could not be sentenced to a mandatory term of life without parole. Even though appellant was an adult at the time of his offense, he believes that the spirit of *Miller* applies, and that he should have been allowed to present evidence of mitigating circumstances.

The State responds that error, if any, has not been preserved, and we agree. Before a party may present a complaint for appellate review, the record must normally show that the complaint was made to the trial court by a timely request, objection, or motion. *See* Tex. R. App. P. 33.1. Appellant never objected at trial that the sentencing statute violated either the United States or Texas Constitutions. Because no specific and timely objection was made, appellant has preserved nothing for appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.

5

Crim. App. 1996); *Cerna v. State*, 441 S.W.3d 860, 867–68 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

Even if error had been preserved, this court has routinely held that an automatic sentence of life without parole is not unconstitutional when assessed against an adult offender convicted of capital murder. *See Sloan v. State*, 418 S.W.3d 884, 891–92 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (refusing to extend *Miller* to the adult-offender context); *Wilkerson v. State*, 347 S.W.3d 720, 722–23 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding that an automatic sentence of life without parole did not violate either the United States Constitution or the Texas Constitution). Appellant's constitutional challenges are therefore without merit.

## CONCLUSION

The trial court's judgment is affirmed.


/s/     Tracy Christopher
Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).