Trenard Silva BATTLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–10–00347–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 8, 2011.

Douglas M. Durham, Houston, for appellant.

Patricia R. Lykos, Jessica Alane Caird, Houston, for Appellee.

Panel consists of Justices BROWN, BOYCE, and JAMISON.

## OPINION

WILLIAM J. BOYCE, Justice.

Appellant Trenard Silva Battle appeals after a jury convicted him of capital murder. *See* Tex. Penal Code Ann. § 19.03 (Vernon 2003). The trial court assessed an automatic punishment of life imprisonment without parole. *See id.* § 12.31 (Vernon Supp.2009). We affirm.

## BACKGROUND

Appellant has not challenged the sufficiency of the evidence supporting his conviction; therefore, we recite only those facts necessary to the disposition of this appeal.

On the evening of August 2, 2008, Carl Bray and his fiancee, Jamie Calvery, were in bed at Bray's home when they heard someone kick in the front door. Bray jumped out of bed and told Calvery to get down; she hid between the side of the bed

and the wall. She heard Bray yell, "Hey!" and then what sounded like someone being beaten. She heard two gunshots, then someone said, "Find the cash," and another individual said, "Find the keys to the car." Calvery called the police when the individuals left and remained hidden. Police found Bray's body on the floor of his home with a shotgun wound to the back of his head and evidence of blunt force trauma to his head and body. Bray had blood on the pads of his feet, which indicated to police that he may have "walked around in an area where there was already blood on the floor" before he died.

Witnesses testified that on the day of the murder, appellant and three other individuals had discussed robbing Bray. Witnesses testified that appellant retrieved a shotgun and stated, "We going to be all right. We do this for a living." Witnesses saw the same individuals running away from the direction of Bray's home not long before police arrived at the scene that night; some individuals were carrying jewelry, and appellant was carrying the shotgun. The group climbed into a car and drove away.

Appellant's fellow inmate testified that appellant stated in jail that he "shot the bitch with a gauge" during a robbery. The inmate testified that he understood appellant to mean he had used a shotgun, which appellant stated he had hidden in a relative's attic.

Police found a do-rag with cut-outs for eyes lying on the ground outside Bray's home. Forensic DNA analyst Mary Thompson testified that appellant could not be excluded as a possible contributor of DNA material found on the do-rag. Bray could not be excluded as a contributor for additional DNA material found on the do-rag that tested positive for blood.

Appellant was indicted for the offense of capital murder. He was 19 years old and an adult at the time of the offense. The indictment alleged that he caused the complainant's death in the course of committing a robbery. The jury was instructed on the State's theory of co-conspirator liability, based on evidence that appellant conspired with others to commit robbery, and that appellant or one of his co-conspirators committed the murder in the course of the robbery: "If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." *See* Tex. Pen.Code Ann. § 7.02(b) (Vernon 2003). A jury rendered a verdict of guilty "as charged in the indictment." The state did not seek the death penalty, and appellant was automatically sentenced to life imprisonment without parole. *See* Tex. Pen. Code Ann. § 12.31.

In his sole issue on appeal, appellant argues that his sentence of life imprisonment without parole is unconstitutionally excessive under the Eighth Amendment of the United States Constitution.

### ANALYSIS

The Eighth Amendment prohibits cruel and unusual punishment, which includes "extreme sentences that are grossly disproportionate to the crime." *See Graham v. Florida*, —— U.S. ——, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010) (quotation omitted). Appellant was required to make a timely objection to the trial court to preserve his complaint that his life sentence without parole is unconstitutionally excessive. *See* Tex.R.App. P. 33.1(a) (regarding timely objection, request, or motion to preserve error); *see*

*also Kim v. State,* 283 S.W.3d 473, 475 (Tex.App.-Fort Worth 2009, pet. ref'd) (appellant waived argument that seven-year sentence for burglary of a habitation was cruel and unusual punishment because appellant failed to raise issue to trial court); *Benson v. State,* 224 S.W.3d 485, 498 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (appellant waived argument that 12–year sentence for aggravated assault with a deadly weapon was cruel and unusual punishment because appellant failed to raise issue to trial court); *Labra v. State,* No. 14-07-00514–CR, 2008 WL 2261456, at *1 (Tex. App.-Houston [14th Dist.] May 27, 2008, no pet.) (mem. op., not designated for publication) (appellant waived argument that 40–year sentence for felony delivery of a controlled substance was cruel and unusual punishment because appellant failed to raise issue to trial court).

Appellant did not raise the issue of gross disproportionality at his trial or in a motion for new trial. Appellant made the following objection to the trial court regarding the jury charge:

> COUNSEL: I'm going to object to the charge of the Court insofar as it applies the law of conspiracy ... as charged, the charge will allow the jury to convict [appellant of capital murder] if he's entered into a conspiracy to commit the offense of robbery and a murder occurs ... as opposed to the felony committed murder. And we would object to that. That is placing him in prison for the rest of his natural life without some due process safeguards as to allow him to be incarcerated without having intent to kill for the remainder of his life violates the due process clause of the Constitution of the United States and is, in effect, cruel and unusual punishment under the Eighth Amendment.
>
> THE COURT: Your objection's overruled.

We understand appellant's objection to be a complaint about the jury's ability to convict appellant for capital murder without finding that he intended to commit murder; the instruction allowed the jury to convict appellant of capital murder according to a theory of co-conspirator liability. *See* Tex. Pen.Code Ann. § 7.02(b). Appellant does not appeal the trial court's ruling on that issue.

The record does not contain any other objection in the trial court in which appellant argues that his punishment of life imprisonment without parole is unconstitutional because it is "grossly disproportionate" under the Eighth Amendment. Accordingly, appellant did not preserve the right to raise this issue on appeal. *See* Tex.R.App. P. 33.1(a); *see also Kim,* 283 S.W.3d at 475; *Benson,* 224 S.W.3d at 498; *Labra,* 2008 WL 2261456, at *1.

■ Even if appellant's objection is broadly construed as a complaint that a sentence of life imprisonment without parole is grossly disproportionate to the offense of capital murder where the defendant could be convicted based on co-conspirator liability, this contention fails. *See Cienfuegos v. State,* 113 S.W.3d 481, 494–96 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (automatic life sentence for capital murder conviction based on theory of co-conspirator liability not grossly disproportionate); *see also Ladd v. State,* 3 S.W.3d 547, 573 (Tex.Crim. App.1999) (death penalty is not grossly disproportionate punishment for defendants convicted of capital murder based on theory of co-conspirator liability because "*[a]nticipating that a human life will be taken* is a highly culpable mental state, and we hold that, according to contemporary social standards, the death penalty is not disproportionate for defendants with such a mental state.") (emphasis in original).

The defendant in *Cienfuegos* was convicted of capital murder based on co-conspirator liability. *See Cienfuegos*, 113 S.W.3d at 485. The First Court of Appeals held that the Texas Penal Code provisions for capital murder, automatic life sentencing, and co-conspirator liability operate together and reflect "a societal decision that, when a person engages in a conspiracy to commit a felony and a murder is committed by one of the co-conspirators, he should, where the State does not seek the death penalty, be subjected to the serious penalty of incarceration for life." *Id.* at 495. Noting that a life sentence is constitutional under the Eighth Amendment for defendants convicted of capital murder as primary actors, the court also concluded that such a sentence is constitutional under the Eighth Amendment for individuals convicted based on co-conspirator liability. *Id.* at 496.

This court has adopted the same rationale. *See Bergara v. State*, No. 14–07–00938–CR, 2009 WL 2476513, at *6, *9 (Tex.App.-Houston [14th Dist.] Aug. 13, 2009, pet. ref'd) (mem. op., not designated for publication) (upholding automatic life sentence for capital murder conviction based on co-conspirator liability without addressing whether defendant would or would not be eligible for parole); *see also Thomas v. State*, No. 14–06–00066–CR, 2007 WL 2238890, at *5 (Tex.App.-Houston [14th Dist.] Aug. 7, 2007, pet. ref'd) (mem. op., not designated for publication) (citing *Cienfuegos*, 113 S.W.3d at 495–96, in upholding automatic life sentence with possibility of parole for capital murder conviction based on primary liability).

We apply the same rationale here and conclude that a life sentence without the possibility of parole for a capital murder conviction based on co-conspirator liability does not violate the Eighth Amendment.

*See Cienfuegos*, 113 S.W.3d at 495–96; *cf. Ladd*, 3 S.W.3d at 573.

### CONCLUSION

Having overruled appellant's only issue on appeal, we affirm the judgment of the trial court.