

# NUMBER 13-11-00487-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

---

**JOE ANTHONY BROOKS,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

---

### On appeal from the 36th District Court
### of Aransas County, Texas

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Joe Anthony Brooks, appeals the trial court's judgment revoking his community supervision, sentencing him to two years of confinement in the Texas Department of Criminal Justice—State Jail Division, and assessing a $750 fine.  In the

underlying case, pursuant to a plea-bargain agreement, appellant pleaded guilty to the unlawful possession of less than one gram of cocaine, a state-jail felony, and was convicted. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2006).

By a single issue, appellant argues that at the revocation hearing, the trial court violated the terms of his original plea-bargain agreement by imposing a two-year jail sentence, which exceeded a twenty-month maximum jail sentence agreed upon as part of the original plea agreement. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the original, underlying case, pursuant to the plea agreement, the trial court sentenced appellant to two years of confinement in state jail, probated for three years of community supervision, and imposed a $750 fine that was not probated. The record does not include a copy of the plea-bargain agreement. However, the judgment imposing community supervision described the terms of the plea agreement as follows: "Cap of Twenty (20) months confinement in the State Jail Division of the Texas Department of Criminal Justice and a Fine of $750.00."

The State subsequently moved to revoke appellant's community supervision, alleging that he violated the conditions of his community supervision in various ways, including failure to report to the community-supervision department and the use of cocaine and alcohol. At the revocation hearing, after being admonished on the consequences of his plea, appellant pleaded "true" to the community-supervision violations. Appellant told the trial court he was pleased with his trial counsel's representation and, through his counsel, asked the trial court to sentence him to state jail

for eighteen months, rather than continuing him on community supervision with rehabilitation requirements. The trial court warned appellant that if his community supervision was revoked, appellant would be sentenced to two years of confinement in state jail, not eighteen months.

After conferring off the record with his attorney, appellant told the trial court he preferred the jail sentence over continued community supervision. The trial court revoked appellant's community supervision and sentenced appellant as set forth above.

## II. DISCUSSION

In the trial court, appellant did not object to the two-year jail sentence. Appellant expressed no dissatisfaction with the sentence when it was imposed and did not file a motion for new trial or any other motion complaining of the sentence. Appellant asked the trial court to revoke his community supervision and even agreed to the two-year jail sentence.

Complaints concerning sentence length must be preserved for appellate review. *See, e.g.*, *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) (holding that the defendant waived his complaint that a sentence for cocaine possession was excessive by not presenting it to the trial court); *Battle v. State*, 348 S.W.3d 29, 30–31 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that the defendant failed to preserve for review his complaint that a life sentence without parole was excessive). Appellant was required to make a timely objection in the trial court to preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1; *Saldano v. State*, 70 S.W.3d

873, 886–87 (Tex. Crim. App. 2002). Because appellant failed to preserve error, if any, his sole issue on appeal is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of January, 2012.