NO. 07-10-0447-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2012

_____


PAUL DOUGLAS PERRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,797-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Paul Douglas Perry, pled guilty to driving while intoxicated, three offenses or more,[1] and was sentenced to five years confinement.  As Appellant's plea was not entered pursuant to a plea bargain, the trial court certified Appellant's right to appeal.  In a single issue, Appellant asserts the trial court erred by finding him guilty of

_____

[1]*See* Tex. Penal Code Ann. § 49.09(b) (West 2011).

"driving while intoxicated, a subsequent offense" and imposing a sentence for a third degree felony rather than a Class A misdemeanor.[2]  We affirm.

**Background**

In May 2010, an indictment was filed alleging that, on or about April 13, 2009, Appellant committed a DWI offense with two prior DWI convictions.  Appellant and his attorney subsequently executed *Written Plea Admonishments, Defendant's Waivers and Statement of Admonishments* wherein Appellant indicated that he was charged with the "felony offense of DWI—3rd or more."  He also stated that the range applicable to a third degree felony applied to his case, i.e., "imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years and, in addition, a fine not to exceed $10,000," and that his plea of guilty was being given freely, knowingly, and voluntarily.  Appellant also signed a *Waiver of Jury Trial* wherein he stated that he was sane and reiterated that his plea was knowing, voluntary and freely given.  He and his attorney also signed a *Judicial Confession* where he indicated that he had read the indictment, had "committed each and every allegation it contains," and was "guilty of the offense alleged as well as all lesser included offenses."

At the plea hearing held August 16, 2010, Appellant pled guilty to the offense alleged in the indictment and the following statements, in pertinent part, were made:

> COURT:  Alright.  Does the State have anything further on guilt/innocence?

---

[2]Driving while intoxicated is a Class B misdemeanor for the first offense; Tex. Penal Code Ann. § 49.04(b) (West 2011), a Class A misdemeanor if there is a prior offense; *id.* at § 49.09(a), and a felony of the third degree if there are two prior offenses.  *Id.* at § 49.09(b)(2).

STATE: Nothing further on guilt/innocence.

COURT: Defense?

DEFENSE: No, Your Honor.

COURT: All right. I'll find you guilty there, Mr. Perry, of driving while intoxicated, *a subsequent offense.* I'll find the other allegations contained—jurisdictional allegations contained in the indictment to be true. Are you ready to proceed on punishment, State?

STATE: Ready to proceed, your honor.

COURT: Okay. Defense ready on punishment?

DEFENSE: Ready.

*     *     *

COURT: Paul Douglas Perry, you having been found guilty of driving while intoxicated, I do now sentence you to serve five years [confinement].

(Emphasis added).

The trial court subsequently issued its *Judgment of Conviction* stating that Appellant was convicted of the offense of "DWI-3rd or more" under "section 49.09(B)" of the Texas Penal Code, a third degree felony. This appeal followed.

## Discussion

Appellant asserts the trial court's oral pronouncement of its verdict is ambiguous as to whether he was convicted of felony DWI, third offense or more, or a Class A misdemeanor, i.e., a DWI offense with one prior offense. He contends that, because an unspecific pronouncement of sentence should not be held against a defendant, the trial court's judgment should be reformed to reflect the lesser offense.

3

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *Layton v. State,* 280 S.W.3d 235, 238-39 (Tex.Crim.App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2). It is well-settled that, almost every right, constitutional or statutory, may be waived by failing to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex.Crim.App. 1986). *See Curry v. State,* 910 S.W.2d 490, 497 (Tex.Crim.App. 1995) (an objection on cruel and unusual punishment must be made in the trial court or it is waived on appeal).

We have reviewed the entire record. At no point during the guilt/innocence or punishment phases of his trial or in his *Motion for a New Trial* does Appellant ever object to the trial court's acceptance of his plea to the third degree felony offense alleged in the indictment or the sentence imposed. Accordingly, he failed to preserve his complaint for appellate review. *See Curry*, 910 S.W.2d at 497; *Battle v. State*, 348 S.W.3d 29, 30-31 (Tex.App.—Houston [14th Dist.] 2011, pet. ref'd). Appellant's single issue is overruled.

**Conclusion**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

4