

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00200-CR

**DRAKAS LAMONT BAILEY,**

           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

           **Appellee**

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 35807-CR**

## MEMORANDUM  OPINION

The jury convicted Drakas Lamont Bailey of the offense of aggravated robbery and assessed his punishment at 45 years confinement.  We affirm.

### Sufficiency of the Evidence

In his first issue on appeal, Bailey argues that the evidence is insufficient to support his conviction for aggravated robbery.  The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd* , 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

**Facts**

At approximately 6:00 a.m. on January 6, 2011, the Ennis Police Department received a call from an employee of a Subway restaurant of a suspicious vehicle in the Subway parking lot. The Subway parking lot was near Wal-Mart and the Murphy USA gas station. At approximately 6:26 a.m., Alexis Owens, the manager of Murphy USA, called Ennis Police about the same suspicious vehicle. Officer Brian Shahan responded to the call and identified Bailey as the driver of the suspicious vehicle, a gray Chevrolet Impala.

The following day, Alexis Owens arrived for work at Murphy USA at around 5:00 a.m. As she approached the gas station building, a person with a gun jumped from behind one of the gas pumps. The gunman pointed the gun at Owens and instructed her to open the safe. Owens informed him that the safe was on a timer and could not be opened for ten minutes. The gunman waited with Owens for the safe to open and then instructed her to place the money in a plastic Wal-Mart bag. After taking the money, the gunman instructed Owens to get down on the ground and put her head down. The gunman then left the gas station and took Owens's cell phone and the gas station phone. Owens testified that there was approximately $10,000 in the safe. Owens waited a few minutes after the gunman left and then went to Wal-Mart and called the police.

When the police arrived, Owens informed the officer that during the robbery she saw the same suspicious vehicle from the previous day. The officer spoke with the dispatcher and learned that Bailey had been driving the vehicle the previous day and

that the vehicle was registered to Diana and Donald Massey. Owens was shocked to learn that Bailey was the driver because he was her boyfriend at the time.

Officer Rodney Rickman contacted Diana Massey about the gray Impala. She informed Officer Rickman that her son, Arthur Charles Washington, Jr. (known as A.J.), had the gray Impala on January 6th and 7th. A.J. and Bailey are cousins. Officer Rickman testified that Diana Massey was shown a surveillance video from the scene of the offense and that she identified A.J. as the person in the video committing the robbery. Officer Rickman further testified that A.J.'s step-father and father both identified him in the surveillance video.

Officer Rickman also obtained cell phone records for Bailey, A.J., and Owens. In the text messages between A.J. and Bailey, they discussed the plans for the robbery. In the messages A.J. asked Bailey where he will be and Bailey responds "Where I parked at n wal mart parkn lot? Once u hit we need to get going asap so I don't want u running too far. Short fast & quick." Bailey also says in the text "I'll b by the diesels. U hop n and we gone." Bailey instructed A.J. to throw Owens's phones away. Bailey also says that he has a hiding place for the gun and mask used in the robbery.

After the robbery, Bailey and A.J. send text messages disagreeing over the amount of money Bailey received from the robbery. A.J. tells Bailey that he has $2700 for him. Bailey responds, "Hey kinfolk im not gone lie and fake wit u. I was lookn at this lick to count for more than that." Bailey sends a text sometime later to A.J. complaining that he received less than $2700. A.J. responds that he said he would give

Bailey $2000. They exchange several text messages discussing the amount Bailey was to receive from the robbery.

At trial, Bailey called Diana Massey as a witness, and she testified she did not recall identifying A.J. on the surveillance video. Bailey also called Deatric Greer and Danielle Myrick who testified that Bailey was home at the time of the robbery.

Bailey specifically argues that the evidence is insufficient to show that he was the sole person involved in the offense or that he solicited, encouraged, directed, aided or attempted to aid A.J. in committing the offense. The jury was instructed on the law of parties.

**Parties to Offenses**

Section 7.01 of the Texas Penal Code provides:

> (a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.
>
> (b) Each party to an offense may be charged with commission of the offense.
>
> (c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.

TEX. PENAL CODE ANN. § 7.01 (West 2011). A person is criminally responsible for an offense committed by the conduct of another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id*. § 7.02 (a) (2) (West 2011).

When a party is not the primary actor, the State must prove conduct constituting an offense, plus an act by the defendant done with the intent to promote or assist such conduct. *Beier v. State*, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985). In determining whether an individual is a party to an offense, the court may look to events occurring before, during, and after the commission of the offense, and may rely on actions of the defendant that show an understanding and common design to do the prohibited act. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985).

The record shows that Bailey knew what time Owens arrived at work and that he knew Owens handled large amounts of cash. Bailey was at the scene of the offense the previous day in the vehicle used in the offense. The text messages between Bailey and A.J. plan the robbery in detail and provide evidence that Bailey encourages and aids A.J. in the commission of the offense. The text messages show that Bailey received money from the robbery. We find that the evidence is sufficient to support Bailey's conviction for aggravated robbery.

### Sentence

In his second issue, Bailey complains that his sentence violates his constitutional rights pursuant to the Eighth Amendment to the United States Constitution because the sentence is grossly disproportionate to the crime and inappropriate to the offender. In the third issue, he complains that the sentence violates his constitutional rights pursuant to Article I, Section 13 of the Texas Constitution because the sentence is grossly disproportionate to the crime and inappropriate to the offender. Bailey was required to make a timely objection to the trial court to preserve his complaint that the

sentence is unconstitutionally excessive. *See* TEX.R.APP. P. 33.1(a); *Battle v. State*, 348 S.W.3d 29, 30 (Tex.App.—Houston [14th Dist.] 2011, no pet.). Bailey did not present a specific objection to the trial court or raise the issue in his motion for new trial.

Moreover, Bailey has not shown that his sentence was disproportionate to the crime. Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). The State alleged two enhancement paragraphs, and Bailey entered a plea of true to the enhancement allegations. The punishment range for the first degree felony offense of aggravated robbery enhanced by prior felony convictions was imprisonment for life or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, a fine not to exceed $10,000 may also be assessed. TEX. PENAL CODE ANN. § 12.42 (c) (1) (West Supp. 2012). Bailey was sentenced to 45 years in prison and a $10,000 fine. Bailey's sentence is within the statutory range.

Bailey contends that his sentence is disproportionate to the facts of this case. The proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). A threshold determination that the sentence is grossly disproportionate to the crime is required before addressing the remaining elements. *McGruder v. Puckett*, 954 F.2d 313,

316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992); *Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex.App.—Texarkana 1999, no pet.).

The jury heard evidence of Bailey's numerous previous convictions. During the punishment phase of the trial, Bailey admitted helping A.J. plan the robbery. Bailey was aware that a gun was used to carry out the robbery on Owens, his girlfriend. The jury heard from Owens that she feared for her life at the time of the offense and also heard how the robbery has impacted her life. Bailey has not met the threshold determination that his sentence is grossly disproportionate to the crime. We overrule the second and third issues on appeal.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed July 25, 2013
Do not publish
[CRPM]