

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00266-CR
### No. 10-13-00277-CR

**JERMAINE LACHARLES JOHNSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court Nos. 2012-2287-C1 and 2013-147-C1

## MEMORANDUM OPINION

In Cause No. 10-13-266-CR, Jermaine LaCharles Johnson pleaded guilty to the offense of possession of a controlled substance, cocaine. The trial court found the enhancement paragraph to be true and assessed punishment at eight years confinement. In Cause No. 10-13-277-CR, Jermaine LaCharles Johnson pleaded guilty to the offense of evading arrest. The trial court found the enhancement paragraph to be true and assessed punishment at five years confinement. The trial court ordered the

sentence to run consecutively to the sentence in Cause No. 10-13-266-CR. We affirm.

In the sole issue on appeal in each cause number, Johnson argues that his sentence in each cause number is grossly disproportionate to his culpability. In Cause No. 10-13-266-CR, Johnson did not present a specific objection to the trial court or raise the issue in a motion for new trial. Johnson was required to make a timely objection to the trial court to preserve his complaint that the sentence is unconstitutionally excessive. *See* TEX.R.APP. P. 33.1(a); *Battle v. State*, 348 S.W.3d 29, 30 (Tex.App.-Houston [14th Dist.] 2011, no pet.).

Moreover, Johnson has not shown that his sentence was disproportionate to the crime. Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). Johnson was convicted of a State Jail Felony punishable as a third degree felony because of two prior convictions for State Jail Felony offenses. TEX. PENAL CODE ANN. § 12.425 (a) (West Supp. 2013). Johnson's sentence of eight years confinement is within the statutory range.

In Cause No. 10-13-277-CR, Johnson was also convicted of a State Jail Felony punishable as a third degree felony because of two prior convictions for State Jail Felony offenses. TEX. PENAL CODE ANN. § 12.425 (a) (West Supp. 2013). His sentence of five years confinement was within the statutory range.

Johnson contends that his sentence is disproportionate to his culpability because he suffers from mental health disorders and an intelligence level that is below the normal range. The proportionality of a sentence is evaluated by considering (1) the

gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 292 (1983). A threshold determination that the sentence is grossly disproportionate to the crime is required before addressing the remaining elements. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992); *Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex.App.-Texarkana 1999, no pet.).

Johnson had numerous previous convictions, including a prior conviction for evading arrest and convictions for drug offenses. During the punishment phase, Johnson admitted to running from the police in the past and to prior drug use. Johnson further admitted that he had been to a state jail three times for possessing cocaine and that he did not complete drug counseling. Johnson has not met the threshold determination that his sentence is grossly disproportionate to the crime. We overrule the sole issue on each appeal.

We affirm the trial court's judgments.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed February 27, 2014
Do not publish
[CR25]