# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00708-CR

**Rose Ann Davidson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR-12-0735, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Rose Ann Davidson of the felony offense of driving while intoxicated, subsequent offense.[1]  Punishment, enhanced by two prior felony convictions for the offense of driving while intoxicated, was assessed at life imprisonment.[2]  In a single point of error on appeal, Davidson asserts that the sentence of life imprisonment is "grossly disproportionate" to the offense that she committed and thus constitutes cruel and unusual punishment.[3]

The State responds that Davidson failed to preserve error on this point.  We agree. It is well established that to preserve a complaint of cruel and unusual punishment, a defendant must

---

[1]  *See* Tex. Penal Code §§ 49.04(a), 49.09(b).

[2]  *See id*. § 12.42(d).

[3]  *See* U.S. Const. amend. VIII; *Graham v. Florida*, 560 U.S. 48, 59-60 (2010); *see also Ewing v. California*, 538 U.S. 11 (2003); *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Solem v. Helm*, 463 U.S. 277 (1983); *Rummel v. Estelle*, 445 U.S. 263 (1980).

make a timely, specific objection to the trial court or raise the issue in a motion for new trial.[4]  Here, Davidson did neither.  Accordingly, any error has been waived.

Moreover, even if this issue had been preserved below, we could not conclude on this record that Davidson's complaint has merit.  It is well established that a sentence of life imprisonment or of similar length is not grossly disproportionate to a felony offense that is committed by a habitual offender, even when the felony is not inherently violent in nature.[5]  Here, Davidson was convicted of the felony offense of driving while intoxicated, and she pleaded true to two prior felony convictions for that offense.[6]  Based on Davidson's repeated commission of the offense of driving while intoxicated, a dangerous offense that placed her life and the lives of others in jeopardy, we could not conclude that a sentence of life imprisonment was grossly

---

[4]  *See, e.g.*, *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Sample v. State*, 405 S.W.3d 295, 303 (Tex. App.—Fort Worth 2013, pet. ref'd); *Battle v. State*, 348 S.W.3d 29, 30-31 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also* Tex. R. App. P. 33.1(a).

[5]  *See, e.g.*, *Rummel*, 445 U.S. at 284-85 (holding that sentence of life imprisonment for offense of obtaining $120.75 by false pretenses not excessive); *Winchester v. State*, 246 S.W.3d 386, 390-91 (Tex. App.—Amarillo 2008, pet. ref'd) (holding that consecutive life sentences for offenses of retaliation and failure to appear not grossly disproportionate because of defendant's criminal history); *Vrba v. State*, 69 S.W.3d 713, 716, 724-25 (Tex. App.—Waco 2002, no pet.) (holding that 60-year sentence for DWI conviction was not grossly disproportionate and did not violate defendant's Eighth Amendment rights because of defendant's prior criminal history).

[6]  Davidson also had two prior misdemeanor convictions for the offense of driving while intoxicated, and evidence of those convictions was presented at sentencing.  Thus, this was actually her fifth DWI conviction.

disproportionate to the offense so as to constitute cruel and unusual punishment.[7]  We overrule

Davidson's sole point of error.

We affirm the district court's judgment of conviction.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:  August 1, 2014

Do Not Publish

---

[7]  *See Rummel*, 445 U.S. at 284 ("The purpose of a recidivist statute . . . [is] to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time.  This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes.").