**Affirmed in No. 14-17-00026-CR, Affirmed as Modified in No. 14-17-00027-CR, and Opinion filed February 28, 2019.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-17-00026-CR**
**NO. 14-17-00027-CR**

**EPOLITO LOZANO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 75194 and 75195**

## OPINION

In this appeal from multiple convictions, appellant complains of three issues: (1) that his sentences are grossly disproportionate, in violation of the Eighth Amendment; (2) that he was denied the effective assistance of counsel, in violation of the Sixth Amendment; and (3) that he was punished twice for the same offense,

in violation of the Fifth Amendment. For reasons explained more fully below, we sustain only the third issue.

## BACKGROUND

There are five charged offenses in this case, and all of them arise from a single fight between appellant and his son.

The fight broke out because the son was operating a four-wheeler while he was intoxicated, and his two young daughters (appellant's granddaughters) were both on board without wearing helmets. When appellant put a stop to his son's recklessness, the son objected to the intervention: "Don't be telling me what to F'ing do with my girls. They're my girls. You know, you've bullied me my whole life. I'm not your kid anymore. You don't tell me how to raise my girls."

The argument quickly escalated into a fist fight, with both men exchanging blows. The son's wife entered the brawl in an effort to separate the two men. Once they were separated, the son reached for a taser, but appellant knocked it out of his son's hands.

The son's wife eventually convinced her family to leave. As the family was loading into the son's vehicle, appellant went to his own vehicle and retrieved a firearm. The son saw the firearm and taunted appellant to shoot him (the son). Appellant discharged the firearm, and the bullet struck the front driver's side door of the son's vehicle. At the time of the shooting, the son and his wife were both by the front driver's side door, but no one was injured.

The grand jury returned two indictments, each in a separate cause number. The first indictment contained two counts. The first count alleged that appellant committed aggravated assault by threatening the son's wife with a deadly weapon.

The second count alleged that appellant engaged in deadly conduct by discharging a firearm at or in the direction of a vehicle.

The second indictment contained three counts. The first count alleged that appellant committed aggravated assault by threatening the son (as opposed to his wife) with a deadly weapon. The second count mirrored the first indictment: it alleged that appellant engaged in deadly conduct by discharging a firearm at or in the direction of a vehicle. The third count alleged that appellant unlawfully possessed a firearm, as he had previously been convicted of a felony.

Appellant pleaded guilty to all five offenses without an agreed recommendation as to punishment. After a hearing, the trial court found appellant guilty, assessed his punishment at eight years' imprisonment for each of the five offenses, and ordered all of the sentences to run concurrently.

## CRUEL AND UNUSUAL PUNISHMENT

Appellant concedes that, for each offense, the trial court sentenced him within the statutory range of punishment, but he argues in his first issue that his punishments are cruel and unusual because they are grossly disproportionate to the crimes committed. We overrule this issue without addressing the merits because appellant did not lodge any complaint in the trial court regarding his punishments. *See Quick v. State*, 577 S.W.3d 775, 788 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) (holding that these sorts of challenges cannot be raised for the first time on appeal); *Battle v. State*, 348 S.W.3d 29, 31 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (same).

## DOUBLE JEOPARDY

The next two issues are related. In his second issue, appellant contends that his trial counsel was ineffective because counsel did not move to quash the second

indictment, which alleged a count of deadly conduct that was identical to the first indictment. And in his third issue, appellant contends that the identical counts violated his constitutional protection against double jeopardy. Because we sustain the double-jeopardy complaint, we need not address the ineffectiveness claim.

The Double Jeopardy Clause embodies three essential protections: (1) it protects against a successive prosecution for the same offense after an acquittal, (2) it protects against a successive prosecution for the same offense after a conviction, and (3) it protects against multiple punishments for the same offense. *See Evans v. State*, 299 S.W.3d 138, 140–41 (Tex. Crim. App. 2009). The issue in this case involves the third protection against multiple punishments.

In a multiple-punishments case, the question to be determined is whether the defendant was convicted of more offenses than the legislature intended. *See Ex parte Milner*, 394 S.W.3d 502, 507 (Tex. Crim. App. 2013). When, as here, the offenses at issue are codified in just a single statutory provision, the answer depends on how the legislature defined the "allowable unit of prosecution," and how many units were actually shown. *See Ex parte Benson*, 459 S.W.3d 67, 73 (Tex. Crim. App. 2015).

The allowable unit of prosecution is best described by the focus or gravamen of the offense, which we determine from the text of the statute. *See Loving v. State*, 401 S.W.3d 642, 647 (Tex. Crim. App. 2013). The statute here provides as follows:

> A person commits an offense if he knowingly discharges a firearm at or in the direction of:
>> (1) one or more individuals; or
>> (2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied.

Tex. Penal Code § 22.05(b).

The State argues that the allowable unit of prosecution under this statute is each individual victim, which is generally the rule for assaultive offenses. *See Shelby v. State*, 448 S.W.3d 431, 439 (Tex. Crim. App. 2014) ("The allowable unit of prosecution for an assaultive offense in Texas is each victim."). But that general rule cannot apply here because the statute as written does not even require a victim. The offense is completed whenever the defendant knowingly discharges a firearm "at or in the direction of" a person or particular thing. *See* Tex. Penal Code § 22.05. There is no requirement that the discharge come into contact with a person or thing.

As we construe the statute, the focus of the offense is not on the result of the defendant's knowing discharge of a firearm—i.e., it matters not whether the discharge causes injury or damage. Nor is the focus on the mere act of discharging a firearm, which is not inherently criminal conduct. Instead, the focus is on the circumstances surrounding the discharge. *See Zuliani v. State*, 383 S.W.3d 289, 299 (Tex. App.—Austin 2012, pet. ref'd). The discharge is made criminal only when the discharge puts others at risk, as in subsection (b)(1), or when the defendant is reckless as to whether the discharge could put others at risk, as in subsection (b)(2).[1]

Based on the statute as written, we conclude that the allowable unit of prosecution for the offense of engaging in deadly conduct is each discharge of a firearm that occurs under the proscribed surrounding circumstances. *See Miles v. State*, 259 S.W.3d 240, 249 (Tex. App.—Texarkana 2008, pet. ref'd).

Having determined that the allowable unit of prosecution is each discharge of the firearm, we must now determine how many of these units were actually shown. *See Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016). Here, the State

---

[1] Appellant was charged under subsection (b)(2), not subsection (b)(1). He does not argue, and we need not address, whether an offense under either subsection is a lesser-included offense of aggravated assault with a deadly weapon, which would be the same offense for jeopardy purposes.

concedes that the evidence shows that appellant discharged his firearm only once in the direction of a vehicle. After reviewing the evidence, we agree with the State.

The State further concedes that if the legislature only intended for each discharge of the firearm to be the allowable unit of prosecution (rather than each victim), then we must vacate the second conviction for deadly conduct because only a single discharge was shown. We agree. *See Harris v. State*, 359 S.W.3d 625, 632 (Tex. Crim. App. 2011) (concluding that the defendant could not be convicted three times of indecency with a child by exposure where the allowable unit of prosecution was each act of exposure, not each child victim, and the evidence was undisputed that the defendant exposed himself only once to three children at the same time).

## CONCLUSION

We affirm the judgment in Trial Court Cause Number 75194 (Appeal Cause Number 14-17-00026-CR). We modify the judgment in Trial Court Cause Number 75195 (Appeal Cause Number 14-17-00027-CR) by vacating the conviction for deadly conduct, and we affirm that judgment as so modified.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, Jewell, and Hassan.

Publish — Tex. R. App. P. 47.2(b).