**Affirmed and Memorandum Opinion filed November 5, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00630-CR

### CARLOS ALFREDO ZUNIGA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 391st District Court
Tom Green County, Texas
Trial Court Cause No. D-16-0742-SB**

## M E M O R A N D U M   O P I N I O N

Appellant Carlos Alfredo Zuniga appeals a judgment sentencing him to thirty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice for the first-degree felony offense of engaging in an organized criminal activity. In two issues, he argues that: (1) his thirty-five-year sentence is grossly disproportionate to the offense in violation of the Eighth Amendment to the United States Constitution; and (2) his trial counsel was ineffective in failing to object to the purportedly disproportionate sentence. We

reject appellant's first issue because appellant failed to preserve error. We reject appellant's second issue because he has not demonstrated prejudice. We affirm the trial court's judgment.

## Background

A Tom Green County grand jury indicted appellant for the first-degree felony offense of engaging in an organized criminal activity. The State alleged that appellant, along with seven other co-defendants, collaborated to commit the offense of aggravated robbery or theft of property with an aggregate value of $150,000.

As discussed in more detail below, the trial court heard evidence that appellant planned and enlisted his co-defendants to carry out an aggravated robbery to steal four trucks from a construction site and later sell them in Mexico. Appellant pleaded guilty to the charged offense with no agreed recommendation on punishment. After a punishment hearing, the trial court sentenced appellant to thirty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely appealed.

## Analysis[1]

### A. Eighth Amendment

In his first issue, appellant argues that his sentence is unconstitutionally disproportionate in violation of the Eighth Amendment to the United States Constitution. Appellant does not dispute that the trial court sentenced him to a

---

[1] The Supreme Court of Texas transferred this case to our court from the Third Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

2

period of confinement within the statutory range of punishment.[2] He argues however that his punishment is cruel and unusual because it is grossly disproportionate to the crime committed.

The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment, including extreme sentences grossly disproportionate to the crime committed. *See* U.S. Const. amend. VIII; *see also Battle v. State*, 348 S.W.3d 29, 30 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Appellant was required to timely object in the trial court to preserve his appellate complaint that his sentence is unconstitutionally excessive. *See* Tex. R. App. P. 33.1(a); *Battle*, 348 S.W.3d at 30; *see also Chatman v. State*, No. 14-17-00919-CR, 2019 WL 3783578, at *2 (Tex. App.—Houston [14th Dist.] Aug. 13, 2019, no pet.) (mem. op., not designated for publication). Appellant concedes that he did not raise the issue of gross disproportionality at the punishment hearing or in a motion for new trial. Accordingly, appellant did not preserve the right to raise this issue on appeal. *See* Tex. R. App. P. 33.1(a); *Battle*, 348 S.W.3d at 30; *Chatman*, 2019 WL 3783578, at *2.

We overrule appellant's first issue. *See Lozano v. State*, 577 S.W.3d 275, 277 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

## B. Ineffective Assistance of Counsel

In his second issue, appellant contends that his counsel provided ineffective assistance by failing to object on the ground that appellant's sentence is grossly disproportionate to the offense.

---

[2] Because appellant was convicted of a first-degree felony, his thirty-five-year sentence fell within the prescribed legislative range of punishment, which is five to ninety-nine years or life. *See* Tex. Penal Code § 12.32 (a).

We examine claims of ineffective assistance of counsel under the familiar two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Robison v. State*, 461 S.W.3d 194, 202 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Under *Strickland*, the defendant must demonstrate that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Strickland*, 466 U.S. at 687. A deficient performance will deprive the defendant of a fair trial only if it prejudices the defense. *Id.* at 691-92. To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or prejudice defeats an ineffective assistance argument. *Id.* at 697.

When a trial court would not have erred in overruling an objection to the sentence imposed, an appellant has failed to show prejudice necessary to prevail on an ineffective assistance of counsel argument. *See Jagaroo v. State*, 180 S.W.3d 793, 800-01 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996)). In today's case, the trial court would not have erred in overruling an Eighth Amendment objection to appellant's sentence because his sentence lies within the punishment range. *See id.* Appellant's thirty-five-year sentence for engaging in organized criminal activity is well within the statutory range of punishment that the legislature has deemed appropriate for the offense appellant committed. *See* Tex. Penal Code § 71.02(b)(3) (engaging in criminal activity where underlying offense is aggravated robbery is subject to imprisonment for a term of 15 to 99 years or life). Generally, a sentence that is within the range of punishment established by the legislature will not be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809,

814 (Tex. Crim. App. 1984); *Smith v. State*, 290 S.W.3d 368, 376 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *Williams v. State*, 191 S.W.3d 242, 262-63 (Tex. App.—Austin 2006, no pet.); *Jagaroo*, 180 S.W.3d at 800-01.

A punishment is grossly disproportionate to the crime committed only when an objective comparison of the gravity of the offense against the severity of the sentence shows that the imposed sentence was extreme. *See Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). We consider the gravity of the offense in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses.[3] *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Only in rare or extreme cases in which this threshold comparison leads to an inference of gross disproportionality will a court then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.*

Prior to sentencing appellant, the trial court heard evidence that appellant planned an aggravated robbery of the four vehicles and enlisted the assistance of numerous individuals. During the robbery, two of the perpetrators bound a bystander with duct tape and pointed shotguns at him.[4] One of the co-defendants told a law enforcement officer that appellant promised payment if the co-defendant successfully transported the trucks across the United States-Mexico border.

---

[3] When engaging in this analysis, the trial court is not required to consider mitigating evidence. *See Wilkerson v. State*, 347 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)); *Lozano v. State*, No. 03-14-00107-CR, 2015 WL 6460015, at *2 (Tex. App.—Austin Oct. 23, 2015, pet. ref'd) (mem. op., not designated for publication) (same).

[4] One of the investigating officers testified that there was no indication that appellant was one of the two individuals who stole the trucks from the construction site. Evidence indicated, however, that appellant was present when one of the other co-defendants purchased one of the firearms used during the robbery.

Appellant attempted to divert law enforcement officers' attention toward innocent third parties during the investigation, in an effort to evade suspicion. Evidence indicated that appellant drove one of the stolen trucks to the border and that appellant tampered with evidence by hiding one of the firearms used during the aggravated robbery. Appellant also admitted committing prior offenses of theft, family violence, and assault.

Considering all the facts and circumstances, appellant's sentence was not grossly disproportionate, and the trial court would not have abused its discretion in overruling an objection to his sentence. *See Jagaroo*, 180 S.W.3d at 800-01 (trial counsel not ineffective for failing to object to punishment imposed where punishment fell within statutory range). Therefore, appellant has not met the prejudice prong of the *Strickland* analysis. *See Strickland*, 466 U.S. at 694, 697.

We overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).