**Affirmed and Memorandum Opinion filed May 16, 2024.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-23-00293-CR**
**NO. 14-23-00294-CR**

---

**THURSTON BRYANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 94555-CR & 95484-CR**

---

## M E M O R A N D U M    O P I N I O N

Appellant was indicted for murder and for altering, destroying, or concealing a human corpse with intent to impair its verity, legibility, or availability as evidence. *See* TEX. PENAL CODE §§ 19.02(c), 37.09(c). On the fourth day of the consolidated jury trial of the offenses, appellant changed his plea to guilty and pleaded "true" to prior felony convictions for deadly conduct, aggravated robbery, and assault of a

public servant. The jury found appellant guilty of both offenses and assessed as punishment confinement for life. The trial court sentenced appellant in accordance with the verdict, and with the sentences to run concurrently. We have consolidated the appeals from both offenses.

Appellant's sole issue on appeal is that his sentences are grossly disproportionate to the crimes and therefore violate the Eighth Amendment to the United States Constitution and Article 1, Section 13 of the Texas Constitution.

A complaint that a punishment is grossly disproportionate is waived on appeal if that complaint is not raised in the trial court. *See Lozano v. State*, 577 S.W.3d 275, 277 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (holding that disproportionate-punishment challenges cannot be raised for the first time on appeal); *Quick v. State*, 557 S.W.3d 775, 788 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (holding that disproportionate-punishment challenges under Texas Constitution cannot be raised for the first time on appeal). Because appellant did not raise these complaints in the trial court, he failed to preserve them for appellate review. *See Lozano*, 577 S.W.3d at 277; *Quick*, 557 S.W.3d at 788.

We overrule appellant's sole issue and affirm the trial court's judgments.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).

2