**Affirmed and Opinion filed March 5, 2013.**



In The

# Fourteenth Court of Appeals

---

## NOS. 14-12-00492-CR
## 14-12-00493-CR

---

## JULIN ROBERTSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1311781 & 1312873**

---

## O P I N I O N

Appellant Julin Robertson appeals his sentences for two counts of aggravated robbery on the ground that the sentences are grossly disproportionate to the crimes in violation of the Eighth Amendment to the United States Constitution. We affirm.

## Background

On June 30, 2011, Kristian Lavergne stole a car. He picked up appellant, and they drove to a convenience store. Appellant exited the vehicle, approached a woman in her truck, and asked her for change. Appellant then leaned into the woman's truck and attempted to take her purse. As the woman held onto her purse, appellant punched her arm. The woman began screaming, and her husband ran out of the convenience store towards her. Appellant ran away and jumped into the car with Lavergne. Laverne drove away after pointing a gun at the woman's husband.

On the same day, appellant and Lavergne drove up to another convenience store in the same car. Appellant again exited the vehicle, approached a woman from behind, and in the course of grabbing her purse, knocked her to the ground and injured her knee. Appellant then got into the car with Lavergne. The woman stepped in front of the car, and Lavergne pointed a gun at her before driving away.

Appellant and Lavergne stole two other purses that day and unsuccessfully attempted to steal another woman's purse. They were indicted for the armed robberies and pleaded guilty to two counts of aggravated robbery. The trial court assessed appellant's punishment at 18 years' confinement on both counts, to run concurrently.

## Discussion

In his sole issue, appellant argues his 18-year sentences were grossly disproportionate to the crimes of aggravated robbery for which he was convicted, because appellant did not use a weapon, as opposed to his cohort Lavergne, who received only a 10-year sentence.[1]

---

[1] A person commits aggravated robbery if he commits robbery while using or exhibiting a

2

The Eighth Amendment prohibits cruel and unusual punishment, which includes "extreme sentences that are grossly disproportionate to the crime." *See Graham v. Florida*, 130 S. Ct. 2011, 2021 (2010) (internal quotation marks omitted). Appellant was required to make a timely objection to the trial court to preserve his complaint that his life sentence without parole is unconstitutionally excessive. *See* Tex. R. App. P. 33.1(a) (regarding timely objection, request, or motion to preserve error); *Battle v. State*, 348 S.W.3d 29, 30 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Appellant admits he did not do so, but argues his sentence resulted from a "fundamental error" and he suffered egregious harm. Appellant cites only Rule of Evidence 103(d), which provides that notice may be taken of "fundamental errors affecting substantial rights although they were not brought to the attention of the court," and *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), which states that reversal of unpreserved fundamental error is available only "if the error is so egregious and created such harm that [the defendant] has not had a fair and impartial trial." Without addressing whether and under what circumstances a violation of the Eighth Amendment could constitute fundamental error that requires no trial objection to be preserved for appeal, we conclude that no such error occurred in this case.[2] *See Young v. State*, No. 01-09-00790-CR, 2012 WL 668927, at *5 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, pet. ref'd).

Appellant was convicted of two counts of a first degree felony and sentenced to the lower end of the statutory range of punishment for such offenses. *See* Tex. Penal Code § 12.32(a) (providing first degree punishment shall be imprisonment "for life or for any term not more than 99 years or less than 5 years"); *id.* §

deadly weapon. Tex. Penal Code § 29.03(a)(2).

[2] We find the suggestion of fundamental error to be inadequately briefed, *see* Rule of Appellate Procedure 38.1(i).

29.03(b) (providing aggravated robbery is a first degree felony). Subject only to "a very limited, exceedingly rare" exception for grossly disproportional punishments, a punishment assessed within the statutory limits is "unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006); *see also Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (noting with regard to noncapital crimes, the gross disproportionality principle applies only in the "exceedingly rare" and "extreme" case). Legislatures have the broad authority to define their own crimes and set their own punishments. *Solem v. Helm*, 463 U.S. 277, 290 (1983). As a reviewing court, we must afford considerable deference to these sentencing schemes. *Id*. Therefore, in assessing the proportionality for a term-of-years sentence, our role is to judge not the wisdom of appellant's sentence, but whether the sentence comports with constitutional standards. *See id*.

We first determine whether "an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme." *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., plurality op.)). Only if we are able to infer that the sentence is grossly disproportionate will we then compare the challenged sentence against the sentences of other offenders in the same jurisdiction and the sentences imposed for the same crime in other jurisdictions. *Id*.; *see also Solem*, 463 U.S. at 292.

Appellant argues that his sentence was grossly disproportionate because Lavergne received only a 10-year sentence, even though Lavergne, not appellant, exhibited a weapon during commission of the offenses. We do not agree that this is the "exceedingly rare" case in which appellant's sentences would give rise to an inference of gross disproportionality. Appellant and Lavergne engaged in an all-day purse snatching spree. Appellant was aware that Lavergne, the getaway driver,

4

was armed during the commission of the offenses. Appellant assaulted one of the complainants, who was over 65, by shoving her to the ground and injuring her knee while stealing her purse, which constitutes aggravated robbery under the Penal Code. *See* Tex. Penal Code § 29.03(a)(3)(A). Appellant also assaulted another complainant by punching her arm. Appellant alone exited the vehicle for each of these physical encounters. Because our comparison of appellant's crimes to his sentences does not give rise to an inference of gross disproportionality, we do not compare appellant's sentences with the sentences of other offenders in the same jurisdiction or with the sentences imposed for the same crime in other jurisdictions.[3] *See Baldridge*, 77 S.W.3d at 893. We conclude appellant's sentences are not in violation of federal constitutional standards.

Appellant's sole issue is overruled. The judgment of the trial court is affirmed.

/s/ Martha Hill Jamison
Justice

Panel consists of Justices Christopher, Jamison, and McCally.
Publish — TEX. R. APP. P. 47.2(b).

---

[3] Moreover, appellant admits his sentence "is average" when compared to "other aggravated robbery sentences" in other counties.