**Affirmed and Memorandum Opinion filed August 6, 2013.**



**In the**

# Fourteenth Court of Appeals

**NO. 14-12-00881-CR**
**NO. 14-12-00882-CR**

**ARMANDO DELGADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1334969, 1334970**

## M E M O R A N D U M   O P I N I O N

Appellant Armando Delgado appeals from two sentences of 15 years (to be served concurrently) for robbery causing bodily injury and aggravated robbery with a deadly weapon. In his sole issue, appellant contends that his sentences violate the Eighth Amendment of the United States Constitution. Because appellant failed to object to his sentences at the trial court level, he has waived this argument on appeal. Accordingly, we affirm.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded guilty to the offenses of robbery causing bodily injury and aggravated robbery with a deadly weapon, namely, a firearm. The trial court withheld its finding of guilt until appellant's pre-sentence investigation hearing.

Both of the robberies were alleged to have taken place on the same day, January 27, 2012. The State presented the second robbery victim as a witness at the sentencing hearing. The second victim was walking home when a truck stopped beside him. A man with a gun exited the truck, pointed the gun at the victim, ordered him to his knees, and demanded his wallet. Without giving the victim a chance to comply, the gunman and another man—appellant—began to beat the victim and forced him to the ground. The two men kicked, punched, and hit the victim for several minutes. The two men took three packs of cigarettes from the victim and left. The victim suffered lacerations and bruises, and had to go to the hospital for treatment.

Appellant testified that he and his two brothers (Oscar Delgado and Leo Dominguez) were out walking when Dominguez approached the first robbery victim and pulled out a gun. Although appellant had the opportunity to leave, he chose to participate in stealing the first victim's truck. Appellant was driving the stolen truck when Dominguez noticed the second victim and told appellant to stop. Although he did not "have to," appellant stopped the truck. Dominguez pulled out the gun and then began to assault the second victim. Appellant exited the truck, ran over, and with Dominguez, beat up and robbed the second victim. Appellant testified that he took responsibility for his decisions to drive the stolen truck and hit the second victim, but also claimed that he was just trying to "get home safe"

and to "help Leo."[1]

Based on appellant's pleas and the evidence presented, the trial court sentenced appellant to 15 years' confinement for each offense, to run concurrently. Appellant filed a motion for new trial, which was overruled by operation of law, and timely appealed.

## II.    ISSUE PRESENTED

In a single issue with multiple subparts, appellant contends the imposed sentences violate his Eighth Amendment right to be free from a sentence that is grossly disproportionate to the offense. *See Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (citing *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Appellant argues that a co-defendant received a lesser sentence and that the trial court erred in considering an extraneous offense, in failing to grant a continuance, and in failing to grant a new trial. The State argues that appellant has waived this issue because he failed to object at the time of sentencing and failed to raise the issue in a motion for new trial.

## III.    ANALYSIS

An appellant must raise an objection that his sentence is unconstitutional because it is grossly disproportionate under the Eighth Amendment at the trial court level to preserve his right to raise such issue on appeal. *Battle v. State*, 348 S.W.3d 29, 30–31 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see* Tex. R. App. P. 33.1(a) (regarding timely objection, request, or motion to preserve error). The record reflects that appellant did not raise an Eighth Amendment challenge to his sentences at the time of sentencing or in his motion for new trial.

---

[1] In addition, appellant presented character evidence from his mother, his aunt, his pastor, and his girlfriend's mother.

Accordingly, he has failed to preserve error on this issue. *See Battle*, 348 S.W.3d at 31; *Arriaga*, 335 S.W.3d at 334–35. This rule is particularly apt in this case. Appellant primarily argues a co-defendant (Dominguez, the gunman) received a lesser sentence for the offenses when that co-defendant was the more culpable person. But at the time of appellant's sentencing hearing, Dominguez's cases were still pending so he had not yet been sentenced. Under these circumstances, therefore, the trial court could not have compared their respective sentences for disproportionality.[2]

The remainder of appellant's subissues also are not preserved for review. In a summarily briefed point, appellant argues that the court erred in considering "incorrect information" regarding an extraneous offense involving a cell phone. To preserve error in the admission of extraneous offenses, the defendant must first timely object, and optimally, should object that the evidence is inadmissible under

---

[2] Appellant advances no express argument in an attempt to overcome waiver. Even if appellant had preserved error, he received a punishment within the statutory limits for each crime—15 years for the first-degree felony of aggravated robbery with a deadly weapon and 15 years for the second-degree felony of robbery causing bodily injury. *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011) (punishment range for first-degree felony of 5 to 99 years); *id.* § 12.33 (punishment range for second-degree felony of 2 to 20 years); *id.* § 29.02(b) (robbery as second-degree felony); *id.* § 29.03(b) (aggravated robbery as first-degree felony); *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (punishment within statutory limits is generally "unassailable on appeal"). Further, based on an objective comparison of the gravity of appellant's offenses against the severity of his sentences, we cannot infer gross disproportionality. *See Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Appellant voluntarily participated in the aggravated robbery of the first victim at gunpoint and, knowing that Dominguez had just put a gun to a stranger's head, stopped the truck when asked and then participated in the robbery of a second victim, which involved beating the victim for several minutes. Because we cannot infer gross disproportionality, we do not compare appellant's sentences with the sentences of other offenders in the same jurisdiction or with the sentences imposed for the same crime in other jurisdictions. *See Robertson v. State*, 397 S.W.3d 774, 777 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Thus, even if appellant had preserved error, and even if evidence of Dominguez's sentences had been available and properly presented to the trial court, appellant's argument would fail. *See id.* (concluding no Eighth Amendment violation where appellant received 18 years for two counts of aggravated robbery while co-defendant who exhibited gun during robberies received 10 years).

rule 404(b) of the Texas Rules of Evidence. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (en banc) (op. on reh'g). Here, appellant entirely failed to object to this evidence during his sentencing hearing, and thus this subissue is waived.[3] *See id.*

Appellant next contends in a subissue that that trial court erred in failing to grant a continuance of the sentencing hearing. Appellant made an oral announcement of "not ready" at the sentencing hearing because he wanted to have Dominguez testify. The trial court noted for the record that Dominguez had not yet had his cases resolved and undoubtedly would invoke his Fifth Amendment right not to testify. Construing appellant's "not ready" announcement as a request for continuance, an oral, unsworn motion for continuance "preserves nothing for appeal," and thus this subissue is waived. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012).

Finally, appellant argues that the trial court erred in failing to grant his motion for new trial in the interest of justice. However, the record does not reflect that appellant ever presented his motion for new trial to the trial court; therefore, appellant failed to preserve error on this subissue as well. *See* TEX. R. APP. P. 21.6; *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (en banc); *Longoria v. State*, 154 S.W.3d 747, 762 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

### IV. CONCLUSION

Accordingly, having concluded that appellant failed to preserve his Eighth

---

[3] Appellant objected neither to the testimony adduced at the sentencing hearing regarding the cell phone extraneous offense nor to the description of this alleged extraneous offense contained in the pre-sentence investigation report.

Amendment issue or any subissue, we affirm the trial court's judgment.


/s/    Tracy Christopher
         Justice


Panel consists of Justices Brown, Christopher, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).