

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00198-CR

TIMOTHY ARNOLD CARD                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury acquitted Appellant Timothy Arnold Card of continuous sexual abuse of a young child but convicted him of three counts of aggravated sexual assault of a child (causing the complainant's sexual organ to contact Appellant's mouth, causing the complainant's anus to contact Appellant's mouth, and digitally penetrating the complainant's anus) and one count of indecency with a child by

---

[1]See Tex. R. App. P. 47.4.

contact. Upon his plea of true to the enhancement count, the jury assessed his punishment at ninety years' confinement on each count and a fine of $5,000. The trial court ordered the sentences in the final three counts to be served concurrently with each other but stacked those concurrent sentences on top of the sentence to be served for the conviction of aggravated sexual assault of a child for penile-oral contact.

Appellant brings a single issue on appeal, arguing that the sentences of ninety years on all four counts amounted to excessive and disproportionate punishment for the actions of which he was convicted, as did the stacking of three concurrent sentences onto the ninety-year sentence he received for penile-oral contact. Because the sentences imposed on Appellant were within the lawful range established by the legislature and because they did not violate the Eighth Amendment prohibition against cruel and unusual punishment, we affirm the trial court's judgment.

During Appellant's childhood, he was subjected to both physical and sexual abuse. His father beat him with a belt and on one occasion broke Appellant's nose. Appellant's cousin sexually abused him. Suffering from depression, Appellant tried to commit suicide by hanging himself while he was a child.

As a juvenile, Appellant was adjudicated delinquent for having committed the aggravated sexual assault of a four-year-old neighbor. The child in that case testified that Appellant had befriended him and lured him into his house where he

2

took him to the bathroom, "forcefully guid[ed]" him to undress, and then touched and licked the child's penis while he put his finger in the child's anus. Appellant then took the child to the backyard and watched him urinate. Appellant was sent to what was then called the Texas Youth Commission[2] and released when he was 18 ½ years old.

In 2006, when Appellant was twenty-two years old, he was convicted of failing to register as a sex offender. He served a fifteen-month sentence in the State Jail Division. At some point, there was an allegation that Appellant had molested a young relative in California, although he was never arrested or charged for it.

In 2011, Appellant met the complainant, who was eight years old. Appellant began sexually abusing the complainant that summer. Appellant told the complainant not to tell anyone what he was doing to him, and the complainant made no outcry for some time. After the complainant told his mother, the police were called.

At trial, the complainant stated that the abuse occurred about twenty or thirty times, and he described several specific instances of sexual abuse. The

---

[2]See Tex. Fam. Code Ann. § 54.05(m) (West 2014) (replacing "Texas Youth Commission" with "Texas Juvenile Justice Department"); *In re D.J.P.*, No. 02-13-00156-CV, 2014 WL 173490, at *1 n.2 (Tex. App.—Fort Worth Jan. 16, 2014, no pet.) (mem. op.) (noting same).

abusive acts he described were similar to the acts that Appellant had performed as a juvenile on the four-year-old.

Appellant's sole complaint on appeal is that his sentences were excessive and disproportionate in their lengths and in the fact that the three concurrent sentences of ninety years were to be served consecutively to the first sentence of ninety years. He argues that the trial court's order stacking the sentences ensures that he will never be released from prison. He cites the evidence that he presented at trial regarding his own physical and sexual abuse as a child as mitigating evidence that should have been considered in assessing and imposing his sentences.

The State points out that Appellant cites neither evidence nor authority showing a comparison of his sentences with others in Texas or in other states. The State also points out that punishment imposed within the statutory limits is usually sufficient to defeat a challenge for excessiveness, citing *Kim v. State.*[3] In determining disproportionality, we compare the gravity of the offense to the severity of the sentence.[4] We hold that the sentences do not appear excessively severe in light of the offenses as described by the complainant. We have before us no evidence of sentences imposed upon other persons convicted of the same

---

[3]283 S.W.3d 473, 475–76 (Tex. App.—Fort Worth 2009, pet. ref'd).

[4]*Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd).

or similar offenses in this jurisdiction or in other jurisdictions.[5] We do have before us, as did the trial court, both the mitigating evidence and Appellant's criminal history. As the State notes, the harm that Appellant has caused to the complainant is grave, as was the harm that Appellant suffered from his abusers. But during the punishment hearing, Appellant's family and friends involved in the church ministry in which he participated not only refused to believe that he was guilty, which may not be that uncommon, but they expressed their intent to allow him to continue to be around young children. Appellant's mother made excuses for his conduct, blamed others for it, and refused to believe the relative's outcry.

Frankly, as a society we do not appear to know what to do with repeat offenders. While we consider some repeat offenders mere nuisances because the degree of harm they inflict is not perceived as great by the majority of people in our society, we are afraid of sex offenders. The violent sex offender instills terror. The stealthy predator who preys on children reinforces our fear that we cannot protect those we hold dearest. When a predator repeats abuse he himself suffered as a child, it reminds us of the depth of damage such a predator can inflict on our children. Such mitigating evidence is a two-edged sword. The punishment range established by the legislature and the sentence imposed by this jury reflect our society's conviction that we have no answer at this point to

---

[5] *See Robertson v. State*, 397 S.W.3d 774, 776 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

the question of how to prevent recidivism other than to isolate the offender from future victims.

We have examined the record of the trial and of Appellant's motion for new trial. Although Appellant requested a hearing on his motion for new trial, the trial judge specifically wrote on the bottom of the motion that he was taking no action. Consequently, we do not know what specifically Appellant sought to prove in his motion for new trial complaining of the excessiveness of the sentence. He does not, however, complain of the denial of his requested hearing, nor has he asked us to abate his appeal to allow him to present the evidence he would have presented in his motion for new trial.

Based on the record before this court, we hold that there is no evidence of disproportionality or excessiveness of the sentences or of the stacking order. We overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

WALKER and MCCOY, JJ., concur without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 19, 2014